OPINION
{¶ 1} Defendant-appellant, David A. Shaffer, appeals his conviction in the Court of Common Pleas, Union County, Ohio, for domestic violence. Shaffer argues that (1) the domestic violence statute is unconstitutional as applied to him, (2) the prosecution failed to prove prior offenses necessary to elevate his conviction to a third degree felony, (3) the jury verdict form was insufficient to elevate his conviction to a third degree felony, and (4) statements made by the judge and prosecutor were improper. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} Shaffer was indicted on July 25, 2005 on one count of domestic violence in violation of R.C. 2919.25(A). The domestic violence charge was elevated to a felony of the third degree due to Shaffer's two previous convictions in Virginia for assault and battery against a family member. See R.C. 2919.25(D)(4).
 {¶ 3} The charges stem from events that occurred on July 18, 2005. On that date Stephanie Van Hoose contacted the Union County Sheriff's Department on behalf of Shaffer's live-in girlfriend, Tina Blue. Sheriff's officers were dispatched to the location, and Blue indicated to them upon their arrival that Shaffer had assaulted her in their home. She gave a statement to the police in which she indicated that Shaffer had thrown things at her and tried to stab her with a steak knife.
 {¶ 4} At trial, Blue testified that Shaffer was drunk when she came home that night and that he had destroyed things at the house. After she arrived, Shaffer began yelling at her and throwing beer bottles at her, two of which hit her on the arm. She also testified that he had broken a chair in the kitchen, that he threatened "burn the house down" and that he was going to kill her and her family. She said that Shaffer came at her with a steak knife, holding it up in the air with the blade pointed down at her. She was able to escape, however, and she ran over to a neighbor's house.
 {¶ 5} When the police arrived, Shaffer had fled from the scene. They spoke with the victim outside, and Shaffer could not be located in the house. With the help of trained dogs, the police conducted a search of the surrounding area. After a brief search, Shaffer was located in the woods behind the house, where he was taken into custody.
 {¶ 6} A hearing was held the next day in which Blue recounted the events of the night before. The court issued a temporary restraining order forbidding contact between Shaffer and Blue. Thereafter, a trial was held but the jury was unable to reach a verdict; the court declared a mistrial after the jury became deadlocked.
 {¶ 7} A second trial was held, and this time Shaffer was found guilty of the indicted charge of domestic violence. The jury verdict form specifically indicated that the State proved beyond a reasonable doubt that Shaffer had been convicted of two previous domestic violence offenses, and that Shaffer was guilty of the charge of domestic violence in violation of R.C.2919.25(A)(D)(4). Thereafter, Shaffer was sentenced to serve three years imprisonment, with jail time credit for 121 days. Shaffer was also ordered to pay $500.00 towards the cost of prosecution.
 {¶ 8} Shaffer now appeals his conviction, asserting seven assignments of error:
The domestic violence statute under which the defendant wasconvicted is in part unconstitutional as it defines a "family orhousehold member" as being a "person living as a spouse" inviolation of the Marriage Validity Amendment to the [Ohio] StateConstitution.
 The State of Ohio failed to properly prove prior domesticviolence convictions as set forth in the indictment and anyfinding that they did was against the manifest weight of theevidence.
 There was no link made between the charge and the convictionand the prior was not shown to be a prior offense of domesticviolence as set forth in the Ohio Revised Code.
 Appellant received ineffective assistance of counsel and wasthus deprived of due process of law.
 The jury verdict form did not indicate that the conviction wasfor a felony of the third degree therefore it is properly amisdemeanor of the first degree.
 It was improper for the prosecution to bring forth certainevidence and bring forth certain facts that were more prejudicialthan probative.
 It was plain error for the court to allow improper exhibits tobe introduced as impeachment evidence and it was error for thecourt to makes [sic] statements to the jury regarding the witnessTina Blue.
 {¶ 9} In his first assignment of error, Shaffer argues that the domestic violence statute, R.C. 2919.25, is unconstitutional due to the recent Defense of Marriage Amendment to the Ohio Constitution. The Amendment provides:
Only a union between one man and one woman may be a marriagevalid in or recognized by this state and its politicalsubdivisions. This state and its political subdivisions shallnot create or recognize a legal status for relationships ofunmarried individuals that intends to approximate the design,qualities, significance or effect of marriage.
Section 11, Art. XV, Ohio Constitution (emphasis added). Shaffer argues that the Domestic Violence Statute offends this provision by recognizing a separate legal status for a "person living as a spouse,"[1] which is defined to include a person who is not married to but "is otherwise cohabitating with" the offender. See R.C. 2919.25(F)(1)-(2). He argues that the statute treats certain individuals who are unmarried as having the same "victim" status as married persons, and therefore the statute recognizes a status for these individuals that approximates marriage in violation of the Amendment.
 {¶ 10} We have recently addressed this argument in State v.McKinley, Logan App. No. 8-05-14, 2006-Ohio-2507, and found that the Domestic Violence Statute is unconstitutional when applied to individuals in Shaffer's position. We found that the statute recognizes a legal status for individuals who cohabitate, and therefore it is unconstitutional as applied to unmarried persons who are living together at the time of the commission of the offense. Id. at ¶ 13 and 24.
 {¶ 11} In doing so, we noted that it was unlikely that this was an intended result of the Defense of Marriage Amendment.[2] Id. However, we felt constrained to apply the amended provision of the Ohio Constitution as written, and held that the relationship established in the statute for cohabitants intended to "approximate the design, qualities, significance, or effect of marriage" in violation of the Amendment. Id. at ¶ 24. Moreover, we recognized that "heterosexual cohabitants are not left unprotected by our ruling," because appropriate charges can be brought against these individuals under Ohio's assault statute. Id.
 {¶ 12} Therefore, in accordance with our ruling inMcKinley, Shaffer's first assignment of error is sustained. Shaffer's remaining assignments of error focus on the validity of the trial proceedings, and are thereby rendered moot by our holding that the statute is unconstitutional as applied to him. Accordingly, the judgment of the Union County Court of Common Pleas is reversed.
Judgment reversed.
 Bryant, P.J., concurs.
[1] R.C. 2919.25(A) states: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Section (F) defines a "family or household member" to include "a person living as a spouse," which is defined as "a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabitating with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question."
[2] We also noted in McKinley the contrary opinion of several other District Courts of Appeals who have addressed this issue, and certified the conflict to the Supreme Court of Ohio. SeeState v. Carswell, 12th Dist. No. CA2005-04-047, 5005-Ohio-6547; State v. Newell, 5th Dist. No. 2004CA00264,2005-Ohio-2848.