OPINION
{¶ 1} The defendant-appellant, Steven G. Terry ("Steven"), appeals the November 10, 2005, Judgments of conviction and sentence entered in the Crawford County Municipal Court.
 {¶ 2} On October 1, 2005, Kindra Jordan ("Kindra") contacted the Bucyrus Police Department regarding numerous telephone calls from her former boyfriend, Steven, whom she had resided with for approximately three months. She informed the Bucyrus Police Department that he had threatened to kill her, her mother, Brenda, and her friend, Jennifer. Over the course of five days, Steven made approximately two-hundred and forty (240) phone calls to Kindra's cell phone, her mother's home phone, and her friend's phone. During the phone calls, he threatened Kindra and her family and friends. He made comments that he was the hunter and she was the deer. He also called and advised her of his whereabouts and that he knew the locations of different members of Kindra's family and friends over the course of the four days. The police made contact with Steven via his cell phone and requested he not contact her anymore. However, he called Kindra back numerous times thereafter. After a four-day manhunt, the police apprehended Steven.
 {¶ 3} On October 5, 2005, five complaints were filed against Steven in five separate cases. In case number 05 CRB 1260A, he was charged with menacing by stalking as to Kindra, a first degree misdemeanor. In case number 05 CRB 1260B, he was charged with telephone harassment to another, a first degree misdemeanor. In case number 05 CRB 1260C, he was charged with domestic violence threats as to Kindra, a second degree misdemeanor. In case number 05 CRB 1275, he was charged with aggravated menacing, a first degree misdemeanor, as to Kindra's mother, Brenda. In case number 05 CRB 1276, he was charged with aggravated menacing, a first degree misdemeanor, as to Kindra's friend, Jennifer. On this same day, he appeared in the Crawford County Municipal Court for arraignment and pled no contest to all charges while unrepresented by an attorney. The court found him guilty of each of the above charges. In addition, the court continued the matter for sentencing.
 {¶ 4} On October 31, 2005, the sentencing hearing was held. Steven was sentenced to a maximum period of confinement of eighteen months. The court imposed six months for each of the following charges to be served concurrently: menacing by stalking, phone harassment, and domestic violence by threats. The court further imposed an additional six months for the aggravated menacing as to Kindra's mother and Kindra's friend, totaling an additional one year, to be served consecutive to the other sentences. The court journalized its Judgment of conviction and sentence on November 10, 2005.
 {¶ 5} On December 9, 2005, Steven filed a notice of appeal raising the following assignments of error:
 Assignment of Error 1 THE TRIAL COURT ERRED IN ACCEPTING THE NO CONTEST PLEAS ANDSENTENCING THE DEFENDANT WHEN THE OFFENSES CHARGED VIOLATED THEOHIO CONSTITUTION, ARTICLE XV, SECTION 11.
 Assignment of Error 2 THE TRIAL COURT ERRED BY ACCEPTING NO CONTEST PLEAS TOCHARGING DOCUMENTS THAT WERE VOID, LACKING ELEMENTS, AND FAILEDTO GIVE DEFENDANT PROPER NOTICE OF WHAT ALLEGATIONS WOULD BEPROVEN.
 Assignment of Error 3 THE TRIAL COURT ERRED IN CONSIDERING INCOMPLETE OR INACCURATEINFORMATION AND THEN IMPROPERLY SENTENCING THE DEFENDANTTHEREON.
 {¶ 6} Steven asserts in his first assignment of error that the trial court erred in accepting the no contest pleas and sentencing him when the offenses charged violated the Ohio Constitution, Article XV, Section 11.
 {¶ 7} Ohio Constitution, Article XV, Section 11 states:
Only a union between one man and one woman may be a marriagevalid in or recognized by this state and its politicalsubdivisions. This state and its political subdivisions shall notcreate or recognize a legal status for relationships of unmarriedindividuals that intends to approximate the designs, qualities,significance, or effect of marriage.
 {¶ 8} Furthermore, the Ohio Domestic Violence statute, R.C.2919.25, provides in pertinent part:
(A) No person shall knowingly cause or attempt to causephysical harm to a family or household member.
 (B) No person shall recklessly cause serious physical harm toa family or household member.
 (C) No person, by threat of force, shall knowingly cause afamily or household member to believe that the offender willcause imminent physical harm to the family or household member.
 (D) (1) Whoever violates this section is guilty of domesticviolence.
The Domestic Violence statute defines "family or household member" to include:
(F) As used in this section and sections 2919.251 and 2919.26of the Revised Code:
 (1) "Family or household member" means any of the following:
 (a) Any of the following who is residing or has resided withthe offender:
 (i) A spouse, a person living as a spouse, or a former spouseof the offender;
 (ii) A parent or a child of the offender, or another personrelated by consanguinity or affinity to the offender;
 (iii) A parent or a child of a spouse, person living as aspouse, or former spouse of the offender, or another personrelated by consanguinity or affinity to a spouse, person livingas a spouse, or former spouse of the offender.
 (2) "Person living as a spouse" means a person who is livingor has lived with the offender in a common law maritalrelationship, who otherwise is cohabiting with the offender, orwho otherwise has cohabited with the offender within five yearsprior to the date of the alleged commission of the act inquestion.
 {¶ 9} This Court has recently addressed whether R.C. 2919.25
is constitutional in State v. McKinley, 3rd Dist. No. 8-05-14,2006-Ohio-2507 and State v. Shaffer, 3rd Dist. No. 14-05-55,2006-Ohio-2662. In both cases, this Court found that the Defense of Marriage Amendment rendered R.C. 2919.25 unconstitutional as applied in those cases. This Court has noted the contrary opinion of several other District Courts of Appeal who have addressed this issue, and certified the conflict to the Supreme Court of Ohio. See State v. Newell, 5th Dist. No. 2004CA00264,2005-Ohio-2848; State v. Carswell, 12th Dist. No. CA2005-04-047, 2005-Ohio-6547; State v. Rexroad, 7th dist. Nos. 05-CO-36, 05-CO-52, 2005-Ohio-6790; State v. Burk, 8th Dist. No. 86162, 2005-Ohio-6727; State v. Nixon, 9th Dist. No. 22667,2006-Ohio-72; and State v. Rodgers, 10th Dist. No. 05AP-446,2006-Ohio-1528.
 {¶ 10} However with respect to this case, it is an established long standing rule of law in this state that a criminal constitutional question not raised in the trial court cannot be raised for the first time on review. State v. Hsie
(1973), 36 Ohio App.2d 99, 104, 303 N.E.2d 89. Since the constitutionality of R.C. 2919.25 was not raised by Steven in the trial court we find the issue is waived on appeal. Accordingly, the first assignment of error is overruled.
 {¶ 11} In the second assignment of error, Steven claims that the trial court erred by accepting the no contest pleas to charging documents that were void, lacking elements, and failed to give him proper notice of what allegations would be proven.
 {¶ 12} Crim. R. 3 provides,
The complaint is a written statement of the essential factsconstituting the offense charged. It shall also state thenumerical designation of the applicable statute or ordinance. Itshall be made upon oath before any person authorized by law toadminister oaths.
 {¶ 13} In this case, Steven alleges that he was not put on notice in case number 05 CRB 1260A regarding the charge of menacing by stalking because he was unaware whether the word "another" in the context of "by engaging in a pattern of conduct, knowingly cause another" referred to his conduct directed to Kindra or another person. In addition, he asserts that there was error in the complaint of case number 05 CRB 1260C because the complaint states "to believe the offender would cause imminent physical [sic] to the said Kindra Jordan." The charge did not state whether it was physical harm, or threat, or some other behavior. However, it did state that it was a violation of R.C.2919.25(C) which provides "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." Furthermore, he claims that due to the absence of any specifics in each of the charges, each was legally insufficient.
 {¶ 14} Upon a review of the complaints and the trial transcript, it is abundantly clear from the record that the documents did fully apprise Steven of the specific numerical code section of the charges against him and sufficient notice as to each of the charges. It is further noted that Steven entered a no contest plea as to the charges after the facts surrounding his charges were read into the record at the October 5, 2005 hearing and the trial court recited in open court each of the charges and specifically provided the proper language of the statute, the numerical code section of the charges, and the possible sentence for each charge. Therefore, we cannot find that Steven was prejudicially misled by the trial court due to charging documents that were void, lacking elements, or failed to give him proper notice of the allegations he was charged with. Accordingly, Steven's second assignment of error is overruled.
 {¶ 15} Steven alleges in his third assignment of error that the trial court erred in considering incomplete or inaccurate information and then improperly sentencing him. Specifically, he claims that when his prior criminal record was read into the record by the city prosecutor mistakes were made regarding specific convictions. In addition, he states that he was questioned extensively about his alcohol problem but the trial court did not find either that he denied the problem or refused treatment for the problem. Therefore, he asserts that the trial court improperly sentenced him to a maximum sentence.
 {¶ 16} R.C. 2929.22 provides,
(B)(1) In determining the appropriate sentence for amisdemeanor, the court shall consider all of the followingfactors:
 (a) The nature and circumstances of the offense or offenses;
 (b) Whether the circumstances regarding the offender and theoffense or offenses indicate that the offender has a history ofpersistent criminal activity and that the offender's characterand condition reveal a substantial risk that the offender willcommit another offense;
 (c) Whether the circumstances regarding the offender and theoffense or offenses indicate that the offender's history,character, and condition reveal a substantial risk that theoffender will be a danger to others and that the offender'sconduct has been characterized by a pattern of repetitive,compulsive, or aggressive behavior with heedless indifference tothe consequences;
 (d) Whether the victim's youth, age, disability, or otherfactor made the victim particularly vulnerable to the offense ormade the impact of the offense more serious;
 (e) Whether the offender is likely to commit future crimes ingeneral, in addition to the circumstances described in divisions(B)(1)(b) and (c) of this section.
 (2) In determining the appropriate sentence for a misdemeanor,in addition to complying with division (B)(1) of this section,the court may consider any other factors that are relevant toachieving the purpose and principles of sentencing set forth insection 2929.21 of the Revised Code.
 (C) Before imposing a jail term as a sentence for amisdemeanor, a court shall consider the appropriateness ofimposing a community control sanction or a combination ofcommunity control sanctions under sections 2929.25, 2929.26,2929.27, and 2929.28 of the Revised Code. A court may impose thelongest jail term authorized under section 2929.24 of the RevisedCode only upon offenders who commit the worst forms of theoffense or upon offenders whose conduct and response to priorsanctions for prior offenses demonstrate that the imposition ofthe longest jail term is necessary to deter the offender fromcommitting a future crime.
 {¶ 17} In this case, the trial court stated at the sentencing hearing:
Section 2929.21 of the Ohio Revised Code provides theoverriding purpose of misdemeanor sentence is to protect thepublic from future crime of the offender and others and to punishthe offender. To achieve this purpose the court shall considerthe impact of the offense on the victim and the need to changethe offender's behavior, rehabilitating the offender, makingrestitution to the victim, etcetera. To determine the appropriatesentence the court is to consider the following factors: thenature and circumstance of the offense or offenses. What are thecircumstances regarding the offender and the offense indicate theoffender has a history of persistant [sic] criminal activity andthe offender's character and condition is a substantial risk thathe would commit another offense. Well, I'll do this one at atime, under the nature and circumstances of these offenses, ineach of these cases is very serious. Probably the most seriousthat I have seen as a judge.
 Specifically the facts alleged and established that thisdefendant did know specifically what was happening at the timethe threats were made, that they were very serious threatscapable of being carried out and if carried out would beresulting in serious harm of even death. Moving to (B) whetherthe circumstances that's regarding the offender taht [sic] theoffense or offenses indicate a history of very persistentcriminal activity that the offender's character and conditionpresents a substantial risk that he would commit another offense.The Court's considered and finds from what's been presented todaythat this offender has a history of persistent activity thatdates back nearly thirty years. Misdemeanor offenses of operatinga motor vehicle while under the influence and the rather seriousoffenses of abduction and kidnapping. And his history reveals asubstantial risk that he would commit another offense. Moving onto sub-paragraph (C) of 2922, 2922.22(B)(1), what are thecircumstances regarding the offender, the offense indicates theoffender's history, character reveals substantial risk that hewould be a danger to others and that the offender's conduct hasbeen characterized by a pattern of repetitive compulsive oraggressive behavior that heedless indifference to theconsequences. The court finds specifically the history of thisdefendant does show he has a history and character and conditionsthat reveal a substantial risk that he is a danger to others withthe driving and drinking, he is a risk of danger to others when,if drunk, and I'm not necessarily finding that he was drunk, thatif he was drunk or he had consumed alcohol this pattern ofactivity revealed that he is engaging in a repetitive course ofconduct, with heedless disregard of the consequences of hiscontinued use of alcohol. Consider the victim's age youth ordisability not necessarily a factor in this case. And finallywhetheh [sic] the defendant is likely to commit future crimes.And that's very much the case the Court finds that he is verymuch likely because he has recidivated or repeated. These typesof offenses over the years despite counseling to try to turn himaround yet he continues to repeat or recidivate.
 Before this court is to impose a jail sentence the court is toconsider appropriateness under subparagraph (C) of 2929.22appropriateness of imposing community control, such ascounselling [sic] . . . evaluations. This defendant has beenthrough many evaluations, many opportunities to counsel; has beenfound appropriate for outpatient groups, and in each case thathas never worked. Before this court may consider the impositionof the longest jail sentence involved, I am only to consider itfor the offender who has committed the worst form of theoffenses, and I specifically find these cases are the worst formsof these offenses that I have seen. For someone to make specificthreats on specific lives in the manners that can be carried outis the worst form of these offenses I have seen. I specificallyfind that longest jail term is necessary to deter this offenderfrom committing future crime.
* * *
[C]onsidering all the factors set forth for penalties formisdemeanors under 2929.21, 2929.22, of the Ohio Revised Code,this court specifically finds that the imposition of the maximumlongest jail term is appropriate in light of all the factorspreviously found, and will sentence the Defendant to the maximumperiod of confinement of eighteen months in the Crawford Countyjail. * * * again to consider anything less would be demeaning asto the seriousness of the offenses and the defendant's record inlight of the factors previously cited. * * *
Oct. 31, 2005 Sentencing Hearing, p. 28-31.
 {¶ 18} Upon review of the record, it is clear that the trial court did not err in considering incomplete or inaccurate information or improperly sentencing Steven. It is clear that Steven's concern regarding the inaccurate reading of his criminal record was first established at the October 5, 2005 hearing then restated at the October 31, 2005 hearing where Steven supplemented the record himself to clarify the prior convictions. In addition, at the October 31, 2005 hearing Steven testified to his alcohol problems and his previous experiences in counseling when questioned by the trial court. Thus, the trial court did not err in considering incomplete or inaccurate information.
 {¶ 19} Furthermore, we find that the trial court properly considered the factors set forth in R.C. 2929.22 in establishing Steven's sentence. Accordingly, Steven's third assignment of error is overruled.
Judgments Affirmed.
 Bryant, P.J., and Cupp, J., concur.