OPINION
{¶ 1} The defendant-appellant, Cory L. McBeth ("Cory"), appeals the October 20, 2005 Judgment of conviction and sentence entered in the Court of Common Pleas, Hancock County, Ohio.
 {¶ 2} On June 30, 2005, Cory caused physical harm to a household member, Melissa D. Courtney ("Melissa"), the natural parent of a child of whom Cory is the other natural parent. On July 12, 2005, Cory was indicted by the Hancock County Grand Jury on one count of Domestic Violence, in violation of R.C.2919.25(A), a felony of the fourth degree. On September 7, 2005, Cory entered a plea of guilty to the count of Domestic Violence. On September 20, 2005, the trial court filed its judgment entry regarding the September 7, 2005 hearing accepting Cory's guilty plea to the count of Domestic Violence. The trial court also ordered that a presentence investigation be conducted.
 {¶ 3} On October 26, 2005, the trial court filed its judgment entry regarding the sentencing hearing held on October 20, 2005. The trial court considered the factors under R.C. 2929.12 and2929.13 and found that a prison term was consistent with the purposes of R.C. 2929.11 and that Cory was not amenable to an available community control sanction. The trial court further found that Cory had previously served a prison term and that the shortest prison term would demean the seriousness of Cory's conduct and the shortest prison term would not adequately protect the public from future crime by him, pursuant to R.C. 2929.14(B). Cory was then sentenced to a prison term of seventeen months.
 {¶ 4} On November 3, 2005, Cory filed his notice of appeal raising the following assignments of error:
 First Assignment of Error THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT WHEN ITSENTENCED THE DEFENDANT TO A NON-MINIMUM SENTENCE BASED ON ASTATUTE WHICH HAS BEEN FOUND TO BE UNCONSTITUTIONAL.
 Second Assignment of Error THE TRIAL COURT ERRED IN ACCEPTING MR. McBETH'S PLEA OFGUILTY WHEN HIS CONVICTION WAS BASED ON A STATUTE WHICH WASUNCONSTITUTIONALLY APPLIED TO HIM.
 {¶ 5} Cory asserts in his first assignment of error that the trial court erred in sentencing him to a non-minimum sentence based on R.C. 2929.14(B) which was found to be unconstitutional.
 {¶ 6} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. Pursuant to the ruling in Foster, Cory's first assignment of error is sustained.
 {¶ 7} Cory contends in his second assignment of error that the trial court erred in accepting his plea of guilty when his conviction was based on R.C. 2919.25(A) which he believes was unconstitutionally applied to him.
 {¶ 8} Ohio Constitution, Article XV, Section 11 states:
Only a union between one man and one woman may be a marriagevalid in or recognized by this state and its politicalsubdivisions. This state and its political subdivisions shall notcreate or recognize a legal status for relationships of unmarriedindividuals that intends to approximate the designs, qualities,significance or effect of marriage.
Furthermore, the Ohio Domestic Violence statute, R.C. 2919.25, provides in pertinent part:
(A) No person shall knowingly cause or attempt to causephysical harm to a family or household member.
 (B) No person shall recklessly cause serious physical harm toa family or household member.
 (C) No person, by threat of force, shall knowingly cause afamily or household member to believe that the offender willcause imminent physical harm to the family or household member.
 (D) (1) Whoever violates this section is guilty of domesticviolence.
The Domestic Violence statute defines "family or household member" to include:
(F) As used in this section and sections 2919.251 and 2919.26of the Revised Code:
 (1) "Family or household member" means any of the following:
 (a) Any of the following who is residing or has resided withthe offender:
 (i) A spouse, a person living as a spouse, or a former spouseof the offender;
 (ii) A parent or a child of the offender, or another personrelated by consanguinity or affinity to the offender;
 (iii) A parent or a child of a spouse, person living as aspouse, or former spouse of the offender, or another personrelated by consanguinity or affinity to a spouse, person livingas a spouse, or former spouse of the offender.
 (b) The natural parent of any child of whom the offender isthe other natural parent or is the putative other naturalparent.
 (2) "Person living as a spouse" means a person who is livingor has lived with the offender in a common law maritalrelationship, who otherwise is cohabiting with the offender, orwho otherwise has cohabited with the offender within five yearsprior to the date of the alleged commission of the act inquestion.
 {¶ 9} This Court has recently addressed whether R.C. 2919.25
is constitutional in State v. McKinley, 3rd Dist. No. 8-05-14,2006-Ohio-2507 and State v. Shaffer, 3rd Dist. No. 14-05-55,2006-Ohio-2662. In both cases, this Court found that the Defense of Marriage Amendment rendered R.C. 2919.25 unconstitutional as applied in those cases. This Court has noted the contrary opinion of several other District Courts of Appeal who have addressed this issue, and certified the conflict to the Supreme Court of Ohio. See State v. Newell, 5th Dist. No. 2004CA00264,2005-Ohio-2848; State v. Carswell, 12th Dist. No.CA2005-04-047,2005-Ohio-6547; State v. Burk, 8th Dist. No. 86162,2005-Ohio-6727; State v. Rexroad, 7th Dist. Nos. 05-CO-36, 05-CO-52, 2005-Ohio-6790; State v. Nixon, 9th Dist. No. 22667,2006-Ohio-72; and State v. Rodgers, 10th Dist. No. 05AP446,2006-Ohio-1528.
 {¶ 10} However with respect to this case, it is an established long standing rule of law in this state that a criminal constitutional question not raised in the trial court cannot be raised for the first time on review as previously established by this Court in State v. Terry, 3rd Dist. Nos. 3-05-25, 3-05-26, 3-05-27, 3-05-28, 3-05-29, 2006-Ohio-4320. SeeState v. Hsie (1973), 36 Ohio App.2d 99, 104. Since the constitutionality of R.C. 2919.25 was not raised by Cory in the trial court we find the issue is waived on appeal. Accordingly, the second assignment of error is overruled.
 {¶ 11} Therefore, Cory's sentence is vacated and the case is remanded for further proceedings with respect to his first assignment of error.
Judgment Vacated and Cause Remanded.
 Bryant, P.J. and Cupp, J., concur.