OPINION *Page 2 
{¶ 1} The defendant-appellant, Charles Fetty, Jr., appeals the judgment of conviction and sentence entered by the Defiance County Common Pleas Court. The trial court convicted Fetty of domestic violence and sentenced him to three years of community control sanctions.
 {¶ 2} On June 16, 2005, the Defiance County Grand Jury indicted Fetty on one count of domestic violence, a violation of R.C. 2919.25. The indictment charged the offense as a third-degree felony due to Fetty's three prior convictions for domestic violence. Fetty pled not guilty at arraignment and subsequently filed a motion to dismiss the indictment, arguing that Section 11, Article XV of the Ohio Constitution rendered R.C. 2919.25 unconstitutional as applied. The trial court held a hearing on the motion, but did not issue a judgment.
 {¶ 3} Shortly thereafter, Fetty was found incompetent to stand trial, and he received treatment at the North Coast Behavioral Center. When Fetty's competency was reinstated, he entered into a negotiated plea agreement with the State of Ohio wherein he agreed to withdraw his previously tendered plea of not guilty and to plead no contest. The trial court found Fetty guilty and sentenced him to three years on community control sanctions. Shortly after Fetty was sentenced, this Court decided State v. McKinley, 3rd Dist. No. 8-05-14,2006-Ohio-2507, which rendered the domestic violence statute unconstitutional as applied. *Page 3 
Fetty appeals the trial court's judgment, asserting one assignment of error for our review.
 Assignment of Error The court erred in finding Appellant guilty of domestic violence where Appellant and [the] victim were not related or married, never have been married, and do not have any children in common.
 {¶ 4} Fetty contends the trial court erred by convicting him of domestic violence because R.C. 2919.25 is unconstitutional as applied pursuant to this Court's precedent. Before we reach the merits of Fetty's appeal, we must address whether he properly preserved his constitutional challenge for appeal. For the reasons that follow, we overrule Fetty's sole assignment of error.
 {¶ 5} In criminal cases, constitutional challenges must be preserved in the trial court. State v. McBeth, 3rd Dist. No. 5-05-34, 2006-Ohio-5385, at ¶ 10, citing State v. Terry, 3rd Dist. Nos. 3-05-25, 3-05-26, 3-05-27, 3-05-28, 3-05-29, 2006-Ohio-4320. The effect of a voluntary, knowing, and intelligent guilty plea is the waiver of any "`"independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."'" State v.Ketterer, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, at ¶ 117, quoting State v. Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167,810 N.E.2d 927, ¶ 78 quoting Tollett v. Henderson (1973), 411 U.S. 258, 267,93 S.Ct. 1602, 36 L.Ed.2d 235. Unlike a guilty plea, a no contest plea will "not preclude a defendant from *Page 4 
sserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion[.]" Crim.R. 12(I).
 {¶ 6} Pursuant to Crim.R. 12(C)(2) and Crim.R. 12(H), a motion to dismiss an indictment is a pretrial motion, which the trial court must rule upon prior to trial. If a defendant fails to file a motion to dismiss and subsequently pleads guilty or no contest, any constitutional defect has been waived for appellate review. See McBeth, at ¶ 2, 10;Terry, at ¶ 3, 10. However, if the trial court denies a defendant's motion to dismiss, constitutional defects are preserved for appeal. SeeState v. Benton (2000), 136 Ohio App.3d 801, 805, 737 N.E.2d 1046, citations omitted. The procedural history in this case is dissimilar to both situations above in that Fetty filed a motion to dismiss, but pled no contest before the trial court ruled on his motion. We believe such action is tantamount to a withdrawal of the motion.
 {¶ 7} In a case before the Tenth Appellate District, the defendant filed a joint motion to dismiss and a motion to suppress. State v.Lewis, 10th Dist. No. 04PA-1249, 2005-Ohio-5921, at ¶ 4. Prior to the court's decision on the motion, the defendant agreed to enter a plea of no contest; however, the defendant wished to preserve for appeal the suppression and dismissal issues concerning the initial traffic stop. Id. The appellate court stated that a ruling on the motion to suppress/motion to dismiss would preserve the issue for appeal. Id., at ¶ 6. *Page 5 
However, as in Fetty's case, the trial court did not rule on the motion to dismiss prior to the defendant's plea of no contest. "Generally, an appellate court will presume that a trial court overruled a motion on which it did not expressly rule, where it is clear that that is what the trial court actually intended to do." Lewis, at ¶ 9, citing Newman v. AlCastrucci Ford Sales, Inc. (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001. In Lewis, the court noted that the defendant's plea was "premised upon a plea bargain that included the erroneous belief by defense counsel, the prosecutor, and the trial court that the [suppression/dismissal issues] * * * would be determined by this court." Id., at ¶ 10. The court expressed its concern with presuming that any unresolved pre-trial motion is denied in stating:
 to do so in this case, where the trial court intentionally left the issues for this court to decide, would afford trial courts and defendants the opportunity to send all major constitutional, statutory, or evidentiary issues to the court of appeals without having to address them.
Id. at ¶ 9, citing State v. Ryerson, 12th Dist. No. CA2003-06-153, 2004-Ohio-3353. Because the record clearly evidenced a mistaken belief by all parties and the trial court as to appellate review, the court held that Defendant's plea was not knowing, intelligent, and voluntary. Id., at ¶ 10.
 {¶ 8} This case differs from Lewis in that Fetty has failed to provide us with the transcript from below, and there is nothing in the record to evidence any mistaken belief as to appellate review by the parties. App.R. 9(B). In his *Page 6 
statement and praecipe, Fetty stated that "no transcript of the proceedings is necessary and none will be included as part of the record." (Statement and Praecipe, Jun. 21, 2006). Since we have no evidence of a mistaken belief at the trial court, Fetty's plea of no contest prior to the trial court's ruling on the motion to dismiss is tantamount to a withdrawal of the motion. Accordingly, the sole assignment of error is overruled.
 {¶ 9} The judgment of the Defiance County Common Pleas Court is affirmed.
Judgment Affirmed.
 SHAW and PRESTON, J.J., concur. *Page 1