**The STATE of Ohio, Appellee,**

v.

**LEWIS, Appellant.**

[Cite as *State v. Lewis,* 164 Ohio App.3d 318, 2005-Ohio-5921.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–1249.

Decided Nov. 8, 2005.

</div>

Richard C. Pfeiffer Jr., Columbus City Attorney, and Matthew A. Kanai, Assistant City Attorney, for appellee.

Paul Mancino Jr. and Jaceda Blazef, for appellant.

DESHLER, Judge.

{¶ 1} On March 14, 2004, a Fairfield County sheriff's deputy was assisting with a traffic stop on U.S. 33 in the area of Cemetery Road, which is within the city of Canal Winchester, but in Franklin County. While assisting with the traffic stop, the deputy observed a vehicle driven by defendant-appellant, Jason Lewis, travel at an excessive rate of speed, cross the white line, and fail to move over for the public-safety vehicle on the berm. The deputy stopped appellant's vehicle and smelled alcohol. Appellant was charged with operating a vehicle while under the influence and approaching a stopped emergency vehicle and with a marked lane violation, in violation of R.C. 4511.19, 4511.213, and 4511.33. Appellant entered a plea of not guilty and filed a motion to suppress/dismiss in limine.

{¶ 2} Appellant then changed his plea and entered a no-contest plea and was found guilty of operating a motor vehicle while under the influence. He was sentenced, but the sentence was stayed pending appeal. Appellant filed a notice of appeal and raised the following assignments of error:

1. Defendant was denied due process of law when the court did not conduct an actual hearing on defendant's motion to suppress.

2. Defendant was denied due process of law when the court would not grant defendant's motion to suppress.

3. Defendant was denied due process of law when the court failed to grant the motion to suppress.

{¶ 3} By the first assignment of error, appellant contends that he was denied due process of law when the court did not conduct an actual hearing on his motion to suppress. At the hearing when the trial court accepted the no-contest plea, the transcript provides:

THE COURT: On the record we have Jason Edward Lewis, 2004 TRC 124012. The discussion in chambers with both counsels present were there were multiple options, and the one that I believe is going to be accepted is to do a no-contest plea.

Prosecution will put facts on the record as to the OMVI. The defense wants to appeal the issue of whether the Fairfield County Sheriff's Department legitimately can, in essence, contract, and I loosely use the word contract because I don't know the absolute legal agreement between the City of Canal Winchester and the Fairfield County Sheriff's Department.

But the basic legal question counsel wants to appeal is whether they have the legal authority to arrest under the factual circumstances that will be placed on the record.

{¶ 4} The trial court supplemented the record on appeal, pursuant to App.R. 9(E), with an entry and the transcript of proceedings. In its April 28, 2005 entry, the trial court stated:

On September 20, 2004, the case of *State of Ohio v. Jason Lewis* was scheduled for a jury trial in courtroom 12D. On that date, discussions were held in chambers with Prosecuting Attorney, Mickey Prisley, and defendant's counsel, Jaceda Blazef. The two parties came to an agreement that attorney Blazef would withdraw her previously filed Motion to Dismiss and/or Suppress on the grounds of reasonable suspicion an/or [sic] probable cause, and that she would instead have her client enter a no contest plea. Attorney Blazef indicated that she wanted to appeal the issue of the extra-territoriality of the initial stop of the defendant. It was made clear to me during the discussion in

my chambers that attorney Blazef only wished to proceed to the appellate court based on the extra-territoriality of the stop.

{¶ 5} Thus, appellant entered a no-contest plea and was found guilty of operating a motor vehicle while under the influence. In this appeal, appellant argues that he was denied due process when the court did not conduct a hearing on the motion to suppress and that a deputy sheriff from Fairfield County lacked authority to arrest him in Franklin County. Appellee argues that there is no final, appealable order because the trial court did not rule on appellant's motion to suppress/dismiss in limine.

{¶ 6} A no-contest plea does not preserve for appellate review the trial court's ruling on a motion in limine. See *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph three of the syllabus. This case involved a combined motion to suppress and to dismiss in limine. While the motion to suppress and to dismiss would preserve the issues for appeal, see Crim.R. 12(I), here, the trial court did not expressly rule on the motion.

{¶ 7} In *State v. Engle* (1996), 74 Ohio St.3d 525, 660 N.E.2d 450, the Supreme Court of Ohio held that the defendant's plea bargain was premised upon the defendant's ability to appeal the issues; however, the issues were not preserved for appeal through the denial of a motion in limine. Where the defendant's no-contest plea was premised upon a plea bargain, which included such erroneous belief by defense counsel, the prosecutor, and the trial court, the defendant's plea was not made knowingly, intelligently, and voluntarily. Thus, the Supreme Court reversed the judgment and remanded the cause to the trial court with instructions that the defendant be given the opportunity to withdraw her plea and proceed to trial.

{¶ 8} In *Columbus v. Sullivan* (1982), 4 Ohio App.3d 7, 4 OBR 27, 446 N.E.2d 485, this court determined that a no-contest plea does not preserve for appeal a trial court's ruling on a pretrial motion that requests an advance ruling on the materiality and relevancy of evidence. When that no-contest plea is premised upon the erroneous belief of the ability to appeal the issue, however, the defendant must be given the opportunity to rescind the plea-bargain agreement and withdraw his no-contest plea because the full plea bargain cannot be affected. See, also, *State v. Watson* (Aug. 27, 1981), Franklin App. No. 80AP–880, 1981 WL 3435.

{¶ 9} In this case, the plea bargain, including the no-contest plea, was premised on the mistaken belief that appellant could appeal the issue of the extraterritoriality of the stop and the jurisdiction of the Fairfield County sheriff to arrest appellant. The trial court knowingly did not rule on appellant's pretrial motion, believing that this court would rule on the issue of the extraterritoriality

of the stop and the jurisdiction of the Fairfield County Sheriff to arrest appellant. Generally, an appellate court will presume that a trial court overruled a motion on which it did not expressly rule, where it is clear that that is what the trial court actually intended to do. See *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001. However, to do so in this case, where the trial court intentionally left the issues for this court to decide, would afford trial courts and defendants the opportunity to send all major constitutional, statutory, or evidentiary issues to the court of appeals without having to address them. See *State v. Ryerson,* Butler App. No. CA2003–06–153, 2004-Ohio-3353, 2004 WL 1433672.

{¶ 10} Thus, we find that appellant's no-contest plea was premised upon a plea bargain that included the erroneous belief by defense counsel, the prosecutor, and the trial court that the issue of the extraterritoriality of the stop and the jurisdiction of the Fairfield County Sheriff to arrest appellant would be determined by this court. Since the trial court expressly failed to rule on the pretrial motions, the issues were not preserved for appeal. Appellant's plea was not made knowingly, intelligently, and voluntarily. Appellant's first assignment of error is well taken. Our disposition of the first assignment of error renders moot the second and third assignments of error.

{¶ 11} For the foregoing reasons, appellant's first assignment of error is sustained, the second and third assignments of error are moot, and the judgment of the Franklin County Municipal Court is reversed. This cause is remanded to that court with instructions that appellant be given the opportunity to withdraw his plea and that the court hold a hearing on the pretrial motion and proceed to trial, if necessary.

Judgment reversed
and cause remanded.

PETREE and SADLER, JJ., concur.

DESHLER, J., retired of the Tenth Appellate District, sitting by assignment.