[Cite as *State v. Bullard*, 2013-Ohio-3322.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-09-064 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 7/29/2013 |
| - vs - | | |
| | : | |
| DANIEL W. BULLARD III, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2011 CR 0626

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

John L. O'Shea, 250 East Fifth Street, Suite 2350, Cincinnati, Ohio 45202, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Daniel W. Bullard III, appeals his conviction in the Clermont County Court of Common Pleas on one count of grand theft. For the reasons stated below, we affirm.

{¶ 2} Appellant was to serve as head coach of a little league baseball team for the 2011 season. Between September 2010 and April 2011, the team's players and their

families submitted payments to play on the team and participated in various fundraising activities. Appellant collected these monies and deposited them in bank accounts he had opened for the team.

{¶ 3} As the season drew near, appellant hosted a team "kick-off" meeting at his home, procured equipment and uniforms for the team, and held several practices at indoor facilities. At the same time, he was also withdrawing cash from team accounts and using team funds to purchase gas and tires for his personal vehicle, pay for his meals at restaurants, and pay for a portion of his bankruptcy proceedings. In early 2011, a finance committee was formed to help manage the team's struggling finances. By April of that same year, appellant had resigned amidst controversy surrounding insufficient funds in the team accounts.

{¶ 4} On July 20, 2011, the Clermont County Grand Jury returned an indictment charging appellant with one count of grand theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony. He entered a plea of not guilty and the case was set for trial.

{¶ 5} The jury trial commenced on March 5, 2012. After the state rested, appellant immediately moved for an acquittal under Crim.R. 29(A) on the basis that the state's evidence was insufficient to sustain a conviction. The trial court denied the motion.

{¶ 6} Thereafter, during the presentation of appellant's defense, the state revealed that it had received new information and would likely be investigating whether appellant was involved in additional criminal conduct. The state offered to agree not to pursue this investigation in exchange for a guilty plea. However, instead of accepting the plea agreement, appellant withdrew his plea of not guilty and entered a plea of no contest. After the prosecutor read the statement of facts, the trial court found appellant guilty as charged. Appellant now appeals, raising six assignments of error.

{¶ 7} Yet, before addressing his assignments of error, we note that in his reply brief

appellant argues that even if his six assignments of error are not well-taken, this court should vacate his plea of no contest because it was not knowingly and intelligently made. In support of his claim, appellant asserts that his plea was predicated on a shared understanding between defense counsel, the prosecutor, and the trial court that a plea of no contest would preserve the right of appeal of the alleged errors at trial. Appellant points to a string of cases for the proposition that where such a shared understanding exists, and where the state later contends that the ability to appeal has been waived because of a no contest plea, the result is a plea which was not knowingly and intelligently made. *See, e.g., State v. Engle*, 74 Ohio St.3d 525 (1996). In response, the state moves this court to strike appellant's argument on the grounds that it alleges a plea agreement not contained in the record. Although we agree with the state's reasoning, we deny the motion because we find that the facts of this case are sufficient to dispose of appellant's argument.

{¶ 8} It is well-established that an appellant may not raise new issues or assignments of error in a reply brief. *State v. Renfro*, 12th Dist. Butler No. CA2011-07-142, 2012-Ohio-2848, ¶ 28, citing App.R. 16; *Baker v. Meijer Stores Ltd. Partnership*, 12th Dist. Warren No. CA2008-11-136, 2009-Ohio-4681, ¶ 17 ("[a] reply brief simply provides the appellant with an opportunity to respond to the arguments raised in the appellee's brief"). Here, appellant's argument is ostensibly a response to the state's argument that a no contest plea constitutes a waiver of appellant's ability to raise any errors at trial on appeal. Whether or not appellant's argument is truly just a response is debatable, and it may be that we could dispose of this issue on those grounds alone. But we need not do so here. Rather, even if we were to find that appellant properly raised this issue, we nevertheless conclude that his no contest plea was knowingly and intelligently made, and therefore that he is not entitled to have his plea vacated as invalid.

{¶ 9} The cases appellant relies upon to suggest otherwise are distinguishable from

the case at bar. For example, in *State v. Engle* the Ohio Supreme Court held that the appellant's plea of no contest was not entered knowingly and intelligently when "appellant's agreement to the plea bargain implies her understanding that she could appeal [other] issues." *Id.*, 74 Ohio St.3d at 528. Significantly, the defect in the plea in *Engle* was not simply that the appellant believed she could appeal particular issues, but that the record showed that the ability to appeal was a significant factor in the plea bargain reached with the state. *Id.* The remaining cases appellant cites as authority in his reply brief also involve a plea bargain premised on a false assumption of appellant's ability to appeal. *See State v. Brock*, 3rd Dist. Hancock No. 5-06-27, 2006-Ohio-6681; *State v. Lewis*, 164 Ohio App.3d 318, 2005-Ohio-5921 (10th Dist.); *State v. Watson*, 10th Dist. Franklin No. 80AP-880, 1981 WL 3435 (Aug. 27, 1981). Such is not the case here. Instead, a review of the record in this case reveals that there was no agreement reached between the state and the appellant, and that appellant's plea was knowingly and intelligently made.

{¶ 10} Crim.R. 11(C) establishes the trial court's duty to conduct a plea colloquy with a defendant entering a plea of guilty or no contest in felony cases to ensure the validity of the plea. *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, citing *Engle*, 74 Ohio St.3d at 527. "[F]or a * * * plea to be entered knowingly and voluntarily, a defendant must be informed that he is waiving *critical constitutional rights*." (Emphasis added.) *State v. Moxley*, 12th Dist. Madison No. CA2011-06-010, 2012-Ohio-2572, ¶ 10, citing *State v. Bonnet*, 12th Dist. Warren No. CA96-07-059, 1997 WL 89161 (Mar. 3, 1997). These critical constitutional rights include the right to a jury trial, the right to confront one's accusers, the right to compulsory process to obtain witnesses, the right to require the state to prove guilt beyond a reasonable doubt, and the privilege against compulsory self-incrimination. *Veney* at syllabus. When the court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.*

- 4 -

{¶ 11} With respect to the other information to which a defendant is entitled under Crim.R. 11(C), substantial compliance is sufficient for a valid plea. *Id.* at ¶ 14. "Under [the substantial compliance] standard, a court's slight deviation from the text of the rule is permissible, so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Dunaway*, 12th Dist. Butler Nos. CA2009-05-141 and CA2009-06-164, 2010-Ohio-2304, ¶ 14, citing *State v. Douglass*, 12th Dist. Butler App. Nos. CA2008-07-168 and CA2008-08-199, 2009-Ohio-3826, ¶ 10. The fact that his plea waives the defendant's right to appeal alleged errors at trial is not one of the specifically enumerated rights the trial court is required to provide anywhere in the Crim.R. 11 colloquy. *See Moxley*, 2012-Ohio-2572 at ¶ 13, citing *State v. Kidd*, 12th Dist. Madison No. CA2001-11-021, 2002-Ohio-6394, ¶ 29; *State v. Jones*, 1st Dist. Hamilton No. C-050833, 2006-Ohio-4284, ¶ 7-8.

{¶ 12} In this case, during the presentation of appellant's defense, the state notified the trial court and appellant that it had received new information from one of appellant's witnesses, and that the state intended to use that information in its cross-examination of that witness. The state further indicated that the new information suggested additional criminal conduct by the appellant, and requested that appellant be notified on the record of both his right to remain silent and the possibility that any testimony he offers at trial could be used against him in the state's investigation. In light of the new information, the state also offered a plea bargain; namely, in exchange for a plea of guilty to the grand theft felony charge, the state would agree not to pursue charges for any other alleged crimes. Later that day, instead of entering a guilty plea, appellant entered a plea of no contest.

{¶ 13} Before entering into its Crim.R. 11 plea colloquy, the trial court sought to make certain that appellant was aware that his plea of no contest was not consistent with the state's proffered plea bargain. As stated by the trial court:

THE COURT: By entering a plea of no contest, it's the Court's understanding that it - because it's not a plea of guilty, that no contest does give you some additional rights on appeal. And because of that the prosecutor, I believe, has indicated * * * that this plea of no contest will resolve this case for which we are in trial * * *. It will not in any way hamper the State's ability if they choose to secure criminal charges [on the other conduct brought to light by the new information]. * * * Do you understand?

THE DEFENDANT: Yes, Sir.

The court then proceeded with the plea colloquy, during which the court duly apprised appellant of his rights and appellant affirmed his no contest plea. This exchange demonstrates that both parties contemplated that appellant had declined the only plea offer on record, a plea of guilty in exchange for an agreement not to pursue additional charges. Simply stated, it shows that appellant's no contest plea was knowingly and intelligently made.

{¶ 14} Having found that appellant's no contest plea was valid, we turn now to appellant's six assignments of error, which allege prosecutorial misconduct and several errors at trial that deprived appellant of a fair trial under the Ohio and United States Constitutions' respective Due Process clauses. However, as the state correctly notes, because a plea of no contest waives an appellant's right to appeal these alleged errors occurring at trial, we find that these assignments of error are without merit.

{¶ 15} "The plea of no contest [under R.C. 2937.07] is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). In essence, a no contest plea relieves the prosecution of the burden of presenting evidence, and the accused waives his right to be heard in defense. *See State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 425 (1996). Once a plea of no contest has been entered, the trial court need only ask whether the indictment, information or complaint contains sufficient allegations to state an offense. *State v. McCartney*, 12th Dist. Clinton No. CA2003-09-023, 2004-Ohio-4781, ¶ 24, citing *State v. Bird*, 81 Ohio St.3d 582,

syllabus (1998). Where the court answers in the affirmative, it must find the defendant guilty of that offense unless the prosecutor presents a statement of facts that negates an essential element of the charge. *See Bird* at 584, citing *Stern* at 425.

{¶ 16} In the present case, the Clermont County Grand Jury returned an indictment charging appellant with one count of grand theft in violation of R.C. 2913.02(A)(1), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * without the consent of the owner or person authorized to give consent." *See State v. Wells*, 12th Dist. Butler No. CA2004-10-423, 2005-Ohio-3904, ¶ 15. This offense is a fourth-degree felony if the value of the property stolen is $7,500 or more and is less than $150,000. *State v. Pellegrini*, 3d Dist. Allen No. 1-12-30, 2013-Ohio-141, citing R.C. 2913.02(B)(2). Therefore, the trial court was obligated to find the appellant guilty if the indictment and statement of facts demonstrated that appellant, without the victims' consent, knowingly exerted control of property valued at $7,500 or more but less than $150,000. *Bird* at syllabus.

{¶ 17} The indictment and the state's statement of facts at the plea hearing recited the necessary elements of the offense. After the statement of facts, appellant did not object to the information as provided to the court. Hence, the trial court was obligated to find appellant guilty as charged. *State v. Cooper*, 2d Dist. Montgomery No. 21344, 2006-Ohio-4004, ¶ 3 ("the court must find the defendant guilty if the facts alleged in the indictment are sufficient in law to demonstrate the offense alleged").

{¶ 18} In short, appellant's plea of no contest waived all the alleged errors at trial. *See State v. Watson*, 12th Dist. Clinton No. CA2007-04-020, 2008-Ohio-629, ¶ 11, quoting *State v. Palm*, 9th Dist. Summit No. 22298, 2005-Ohio-1637, ¶ 13 (finding that upon a plea of no contest "the accused waives all nonjurisdictional defects to a felony conviction and leaves

open for review only the sufficiency of the indictment").  Accordingly, appellant's assignments of error are overruled.

{¶ 19}  Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.