[Cite as *State v. Felts*, 2014-Ohio-2378.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA3407 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| BRETT M. FELTS, | : | |
| Defendant-Appellant. | : | **RELEASED:  05/23/2014** |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Melissa M. Prendergast, Assistant State Public Defender, for appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Cynthia G. Schumaker, Ross County Assistant Prosecuting Attorney, for appellee.

Harsha, J.

{¶1}     A grand jury returned an indictment charging Brett M. Felts with one count of gross sexual imposition.  After the Ross County Court of Common Pleas denied his motion in limine to exclude certain statements made by the alleged victim to other persons, Felts changed his plea to no contest in accordance with a plea agreement. The agreement was based on the mistaken understanding of his trial counsel, the state, and the trial court that he could appeal the trial court's denial of the motion in limine. The trial court found Felts guilty of the charged offense on his no contest plea and sentenced him to one year in prison.

{¶2}     In his first assignment of error, Felts asserts that the trial court erred in accepting his no contest plea because it was not knowingly and intelligently entered. Felts's plea was predicated on the erroneous belief shared by the parties and the trial

court that he could appeal the trial court's ruling denying his motion in limine. Thus, the plea was not knowingly or intelligently entered, and the trial court erred in accepting it. We sustain the first assignment of error.

{¶3}    In his second assignment of error, Felts contends that he was denied the effective assistance of counsel because his trial counsel erroneously advised him to enter a no contest plea to preserve his right to appeal the trial court's in limine ruling. Because our disposition of his first assignment of error renders this assignment moot, we do not address it.

{¶4}    Therefore, we reverse the judgment of the trial court and remand the cause for further proceedings.

## I. FACTS

{¶5}    After a Ross County grand jury indicted Felts on one count of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree, Felts entered a plea of not guilty. Before trial Felts challenged the competency of the alleged child victim to testify as a witness, and after a hearing the trial court declared the child incompetent to testify. When the state indicated its intention to introduce at trial some of the child's statements to other persons, Felts filed a motion in limine that was ultimately expanded to contest all of the statements. Following a hearing the trial court denied Felts's motion in limine regarding statements made by the child to her mother and to a social worker. The trial court determined that the child's statements to her mother constituted excited utterances admissible under Evid.R. 803(2) and that the child's statements to the social worker constituted statements made for the purpose of diagnosis and treatment admissible under Evid.R. 803(4).

{¶6} At a subsequent hearing the state indicated that the parties had reached a plea agreement. Felts's trial counsel indicated that his no contest plea was predicated on his ability to appeal the trial court's ruling on his motion in limine:

> Judge, according to the negotiations, *Mr. Felts would enter a No Contest Plea and the current bond that he is on would be either transferred or released and re-issued in the appellate case so that we can take this matter up on appeal.* And, furthermore, the agreement of counsel is that if in the event we would not be successful in the appeal, Mr. Felts would be sentenced to one year in a State institution.

(Emphasis added.)

{¶7} The state agreed that the availability of an appeal from the trial court's ruling on Felts's motion in limine was a key element of the plea agreement:

> We've had an opportunity this morning and prior to this to discuss with the family members of the victim *the potential appellate issues* involved in this. We discussed with them the nature of an *appellate bond* and the fact that with all of these complex issues * * *, *there would likely be an appeal process* and after discussing with them, I think that *all the parties are on the same page* that the one year agreed sentence in prison is appropriate and also *that it might be better to wait until the Fourth District has a chan[c]e to, to rule on the decisions in the motion in limine before the execution of a prison sentence would be put into place.*
>
> *So, we, we're * * * in agreement with the appellate bond being issued in this particular matter following conviction.*

(Emphasis added.)

{¶8} The trial court then conducted a colloquy with Felts under Crim.R. 11(C)(2) to determine whether he was entering his no contest plea knowingly, intelligently, and voluntarily. The trial court accepted Felts's plea and found him guilty as charged.

{¶9} At the sentencing hearing, the state restated the terms of the plea agreement, including the purported appeal:

As there was a negotiated plea in this case for, in return for a plea of no contest, the State agreed to recommend a one year sentence and that *the State agreed not to oppose an appellate bond and that that bond was, it was intended for that bond to be transferred to the appellate court while the issues before the Court on a motion in limine were planned to be appealed to the Fourth District*, that, and the State respectfully requests that the Court honor the negotiations in this case.

**{¶10}** After Felts's trial counsel indicated that "there are some issues that we're planning on appealing," the trial court sentenced Felts to one year in prison and continued his bond for purposes of appeal, specifically advising him that he had the right to appeal the trial court's pretrial decisions:

You have a limited right to appeal this sentence. If you want to, well, you have a limited right to appeal this sentence. *You also have a right to appeal the decisions that have been made by this Court during the course of these proceedings for the last year and a half.*

(Emphasis added.)

**{¶11}** This appeal ensued.

## II. ASSIGNMENTS OF ERROR

**{¶12}** Felts presents the following assignments of error for our review:

1. Mr. Felts entered his plea based on the erroneous belief held by the trial court, the State, and defense counsel that Ohio law permitted him to appeal the trial court's pretrial evidentiary rulings. Consequently, Mr. Felts's no-contest plea was not knowingly or intelligently entered. Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution; Crim.R. 11; Sept. 11, 2013 Hrg. T.p. 1, 13-14; Sept. 19, 2013 Hrg. T.p. 1, 7.

2. Mr. Felts was denied the effective assistance of counsel due to defense counsel's erroneous advice that he enter a no-contest plea to preserve the right to appeal the trial court's in limine rulings. Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution; Sept. 11, 2013 Hrg. T.P. 13-16, 19, 22.

## III. LAW AND ANALYSIS

{¶13}  In his first assignment of error, Felts asserts that his no contest plea was not knowingly or intelligently entered because it was based on the erroneous belief that he could appeal the trial court's pretrial evidentiary rulings.

{¶14}  " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).  In determining whether a guilty or no contest plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards.  *State v. Cooper*, 4th Dist. Athens No. 11CA15, 2011-Ohio-6890, ¶ 35.

{¶15}  On appeal, the parties agree that the trial court's in limine ruling is not appealable.  A motion in limine "is a precautionary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses by opposing counsel in a specified area until its admissibility is determined by the court outside the presence of the jury."  *State v. Grubb*, 28 Ohio St.3d 199, 201, 593 N.E.2d 142 (1986).  "Ohio law is clear * * * that a ruling on a motion in limine may not be appealed and that objections to the introduction of testimony or statements of counsel must be made during the trial to preserve evidentiary rulings for appellate review."  *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, 816 N.E.2d 1049, ¶ 34; *State v. Brown*, 38 Ohio St.3d 305, 528 N.E.2d 523 (1988), paragraph three of the syllabus ("A denial of a motion *in limine* does

not preserve error for review.  A proper objection must be raised at trial to preserve error"); *State v. Hambrick*, 4th Dist. Ross No. 11CA3294, 2012-Ohio-5139, ¶ 12 ("In essence, these were motions in limine and such rulings cannot form the basis for an assignment of error in a later appeal").

{¶16}  More specifically, a no contest plea precludes an appeal from a trial court's pretrial rulings on a motion in limine regarding the admissibility of evidence.  *See State v. Engle*, 74 Ohio St.3d 525, 528-529, 660 N.E.2d 450 (1996) (Resnick, J. concurring)[1]; *State v. Hershner*, 4th Dist. Athens No. 99CA58, 2000 WL 781094, *3 (June 8, 2000) ("as result of his 'no contest' plea below, appellant waived any error in the trial court's ruling on the state's motion *in limine*").

{¶17}  We must determine whether Felts's no contest plea to the gross sexual imposition charge was knowingly, intelligently, and voluntarily made if it was based on the mistaken impression that the trial court's ruling denying his motion in limine is subject to appeal.  In *Engle* the Supreme Court of Ohio addressed this very issue—the validity of a no contest plea entered based on the erroneous representation that the trial court's ruling on a motion in limine was appealable.  In that case, the Supreme Court noted that "[t]he record reflects that all the parties, including the judge and the prosecutor, shared the impression that appellant could appeal rulings other than a pretrial motion" and that "[t]here can be no doubt that the defendant's plea was predicated on a belief that she could appeal the trial court's rulings that her counsel believed had stripped her of any meaningful defense."  *Id.* at 527-528.  The Supreme Court held that based on these facts the defendant's plea was not made knowingly or intelligently, which required a reversal and a remand to the trial court with instructions

---

[1] Justice Resnick's concurring opinion in *Engle* was joined by a majority of the Justices.

that the defendant be given the opportunity to withdraw her plea and proceed to trial.

*Id.* at 528.

**{¶18}** Consistent with *Engle*, appellate courts, including this one, have held that when an erroneous understanding of the applicable law induces a defendant's plea, the plea is not entered knowingly or intelligently. *See, generally, State v. Bryant*, 4th Dist. Meigs No. 11CA19, 2012-Ohio-3189[2], ¶ 14-16 (guilty plea entered based on misinformation concerning defendant's eligibility for judicial release); *State v. Oliver*, 6th Dist. Sandusky No. S-10-040, 2011-Ohio-5305, ¶ 12.

**{¶19}** More pertinently, courts, including the Supreme Court in *Engle*, 74 Ohio St.3d at 527-528, 660 N.E.2d 450, have held that a plea is not entered knowingly and intelligently where it is premised on the mistaken impression that a trial court's decision is appealable. *See State v. Brown*, 9th Dist. Summit No. 25103, 2010-Ohio-3387, ¶ 8 ("Since the decision in *Engle*, this Court has consistently held that a plea is not entered knowingly and intelligently where it is predicated on an erroneous belief that the trial court's rulings are appealable"); *State v. Lewis*, 10th Dist. Franklin No. 04AP-1249, ¶ 10 (defendant's no contest plea was not made knowingly, intelligently, and voluntarily when it was premised upon a plea bargain that included the erroneous belief by defense counsel, the prosecutor, and the trial court that an issue would be determined by the court and be preserved for appeal).

**{¶20}** Similarly, the record here is replete with references by Felts's trial counsel and the state that they believed that Felts could appeal the trial court's denial of his motion in limine upon Felts's agreement to plead no contest to the criminal charge.

---

[2] In *Bryant* we indicated the plea was void, not merely voidable. We cite *Bryant* without reaffirming that position and need not revisit the issue here.

Moreover, the trial court specified at sentencing that Felts had the right to appeal its rulings it had made in the case. The state makes a vague argument in response to Felts's second assignment of error that "a review of the Crim.R. 11 colloquy is void of Appellant's statement reflecting [his] contention" that "the sole basis for his plea was to preserve the ruling on the motion in limine" for appeal. But we are not limited to the colloquy to determine whether the plea was knowingly, intelligently, and voluntarily given. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 4 (court noted that misstatements were not limited to the colloquy, but permeated the plea agreement the defendant signed and the sentence the trial judge described and imposed at the sentencing hearing). And as in *Engle*, the record here contains uncontroverted evidence supporting Felts's claim that his no contest plea was predicated upon the erroneous belief—as represented by his trial counsel, the prosecutor, and the trial court—that he could appeal the trial court's ruling denying his motion in limine to prevent the admission of the child's statements to her mother and the social worker.

**{¶21}** Therefore, Felts's no contest plea was not knowingly and intelligently entered. We sustain Felts's first assignment of error.

## IV. CONCLUSION

**{¶22}** Having sustained Felts's first assignment of error, we reverse the judgment of the trial court, vacate his no contest plea, and remand the cause to the trial court for further proceedings. Because of our disposition of his first assignment of error, Felts's second assignment of error, dealing with the effective assistance of his trial

counsel is moot and we do not address it.  App.R. 12(A)(1)(c); *see also Bryant* at ¶ 18;

*State v. Carsey*, 4th Dist. Athens Nos. 12CA37 and 12CA38, 2013-Ohio-4482, ¶ 16.

JUDGMENT REVERSED
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
    William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**