[Cite as *State v. Miller*, 2018-Ohio-4648.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  1-18-17

    v.

CURTIS M. MILLER,                    O P I N I O N

    DEFENDANT-APPELLANT.


**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR2016 0480**

**Judgment Affirmed**

**Date of Decision:   November 19, 2018**


**APPEARANCES:**

    *F. Stephen Chamberlain* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Curtis M. Miller ("Miller"), appeals the March 14, 2018 judgment entry of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case arises from a November 24, 2016 incident in which Miller struck and severely injured a pedestrian with his automobile after spending the evening drinking alcoholic beverages at a restaurant in Lima, Ohio. (Jan. 11, 2018 Tr. at 20-22). On January 12, 2017, the Allen County Grand Jury indicted Miller on four counts, including: Count One of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), (B)(1), a third-degree felony; Count Two of failure to stop after an accident in violation of R.C. 4549.02(A)(1)(a), (B)(2)(a), a fifth-degree felony; Count Three of operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), (G)(1)(a), a first-degree misdemeanor; and Count Four of operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(b), (G)(1)(a), a first-degree misdemeanor. (Doc. No. 2). On January 23, 2017, Miller entered written pleas of not guilty to the counts of the indictment. (Doc. No. 10).

{¶3} On November 2, 2017, the State filed a motion in limine seeking to prohibit Miller from presenting at trial: (1) an automobile crash reconstruction report; (2) any testimony or evidence relating to the contents of the crash

reconstruction report; and (3) any other evidence of the victim's conduct that the jury could consider as contributing to her injuries, including evidence of the victim's possible intoxication at the time of the incident. (Doc. No. 105). On November 20, 2017, Miller filed a memorandum in opposition to the State's motion in limine. (Doc. No. 107). Following a hearing on November 27, 2017, the trial court granted the State's motion in limine on November 28, 2017. (Doc. No. 110). (*See* Nov. 27, 2017 Tr. at 1).

{¶4} On January 11, 2018, under a negotiated plea agreement, Miller withdrew his not guilty pleas and pleaded no contest to Counts One and Three. (Doc. No. 114). (*See* Jan. 11, 2018 Tr. at 19). In exchange, the State agreed to dismiss Counts Two and Four. (*See* Doc. No. 115). Thereafter, the trial court accepted Miller's no contest pleas, found him guilty as to Counts One and Three, and ordered a presentence investigation. (*Id.*). The trial court also dismissed Counts Two and Four. (*Id.*). The trial court filed its judgment entry of conviction on January 11, 2018. (*Id.*).

{¶5} On March 14, 2018, the trial court sentenced Miller to 30 months in prison on Count One and 180 days in jail on Count Three. (Doc. No. 122). The trial court ordered that the sentences for Counts One and Three be served concurrently for an aggregate sentence of 30-months imprisonment. (*Id.*). The trial court filed its judgment entry of sentence on March 14, 2018. (*Id.*).

{¶6} On April 11, 2018, Miller filed a notice of appeal. (Doc. No. 127). He raises two assignments of error.

**Assignment of Error No. I**

**The trial court committed error prejudicial to the Defendant by granting the State of Ohio's motion in limine and ordering that the defense was precluded from presenting evidence of the victim's actions that were the sole cause of her injury.**

{¶7} In his first assignment of error, Miller argues that the trial court erred by granting the State's motion in limine. In particular, Miller argues that the trial court erred by prohibiting him from using the challenged evidence in his defense because "[i]f believed, this evidence would mean that [the victim's] actions alone were the substantial factor in her injury" and that Miller "driving with a prohibited [blood alcohol content] was [not] the proximate cause of the injury to the victim." (Appellant's Brief at 15). However, we need not consider whether the trial court erred by granting the State's motion in limine because, by pleading no contest, Miller did not preserve his argument for appellate review.

{¶8} "'A motion in limine is defined as "[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to [the] moving party that curative instructions cannot prevent [a] predispositional effect on [the] jury."'" *State v. Wild*, 2d Dist. Clark No. 2009 CA 83, 2010-Ohio-4751, ¶ 27, quoting *State v. French*, 72 Ohio St.3d 446, 449 (1995), quoting *Black's Law Dictionary* 1013 (6th Ed.1990). "A ruling on a motion

in limine reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling." *French* at 450. "The established rule in Ohio is that the grant or denial of a motion in limine is not a ruling on the evidence." *State v. Thompson*, 3d Dist. Union Nos. 14-04-34 and 14-04-35, 2005-Ohio-2053, ¶ 26, citing *State v. Grubb*, 28 Ohio St.3d 199, 200-201 (1986). "In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial." *Defiance v. Kretz*, 60 Ohio St.3d 1, 4 (1991). Accordingly, "[f]inality does not attach when [a motion in limine] is granted." *Id.*, citing *Grubb* at 201-202.

{¶9} In order to preserve for appeal any error in the trial court's resolution of a motion in limine, the objecting party must "seek the introduction of the evidence by proffer or otherwise" *at trial* "to enable the court to make a final determination as to its admissibility." *Grubb* at paragraph two of the syllabus. *See State v. Brown*, 38 Ohio St.3d 305 (1988), paragraph three of the syllabus ("A denial of a motion in limine does not preserve error for review. A proper objection must be raised at trial to preserve error."). Then, "[a]n appellate court will * * * review the correctness of the trial court's ruling on the objection rather than the ruling on the motion in limine." *Wild* at ¶ 29, citing *State v. White*, 4th Dist. Gallia No. 95CA08, 1996 WL 614190, *3 (Oct. 21, 1996) and *Wray v. Herrell*, 4th Dist. Lawrence No. 93CA08, 1994 WL 64293, *6 (Feb. 24, 1994).

**{¶10}** In this case, rather than proceeding to trial and seeking introduction of the disputed evidence in order to preserve for appeal any error in the trial court's ruling on the admissibility of that evidence, Miller pleaded no contest to Counts One and Three of the indictment. (Doc. No. 114). (*See* Jan. 11, 2018 Tr. at 19). "By entering a plea of no contest * * *, the defendant voluntarily waives the right to appeal the ruling on the motion [in limine]." *State v. Engle*, 74 Ohio St.3d 525, 529 (1996) (Resnick, J., concurring).[1] *See also State v. Guth*, 11th Dist. Portage No. 2015-P-0083, 2016-Ohio-8221, ¶ 15; *State v. Felts*, 4th Dist. Ross No. 13CA3407, 2014-Ohio-2378, ¶ 16, citing *Engle* at 528-529 (Resnick, J., concurring) and *State v. Hershner*, 4th Dist. Athens No. 99CA58, 2000 WL 781094, *3 (June 8, 2000); *State v. Monticue*, 2d Dist. Miami No. 06-CA-33, 2007-Ohio-4615, ¶ 16, citing *State v. Lewis*, 164 Ohio App.3d 318, 2005-Ohio-5921, ¶ 6 (10th Dist.) and *Engle* at 529 (Resnick, J., concurring); *State v. Oshodin*, 6th Dist. Lucas No. L-03-1169, 2004-Ohio-1186, ¶ 5-6; *State v. Lamb*, 3d Dist. Hardin No. 6-02-03, 2002-Ohio-4692, ¶ 6, citing *State v. Kerr*, 9th Dist. Medina No. 3205-M, 2002-Ohio-2095, ¶ 7-8 and *State v. Schubert*, 3d Dist. Seneca No. 13-85-22, 1986 WL 14413, *1 (Dec. 22, 1986). Therefore, by entering pleas of no contest, Miller waived his right to appeal the trial court's ruling on the State's motion in limine. *See Lamb* at ¶ 6.

**{¶11}** Miller's first assignment of error is overruled.

---

[1] A majority of the court joined Justice Resnick's concurrence.

## Assignment of Error No. II

**The trial counsel for the defendant was ineffective and therefore violated the defendant's right to effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Article One Section Ten of the Ohio Constitution.**

{¶12} In his second assignment of error, Miller argues that he received the ineffective assistance of counsel. Specifically, Miller argues that his trial counsel "knew or should have known that the trial court's ruling on the State's Motion in Limine was preliminary only" and that his "trial counsel's error was such that [he] * * * would not have entered a plea and this matter would have proceeded to trial on the merits." (Appellant's Brief at 16).

{¶13} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show that counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 689. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675

(1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989), citing *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976).

**{¶14}** Prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bradley* at 142, quoting *Strickland* at 694. "'Where a conviction is based on * * * [a] no contest plea[], the prejudice element requires the defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have entered [the] plea.'" *State v. Miller*, 6th Dist. Lucas No. L-16-1029, 2017-Ohio-670, ¶ 7, quoting *State v. Luciano*, 6th Dist. Wood No. WD-14-023, 2015-Ohio-1264, ¶ 24, quoting *State v. Trevino*, 6th Dist. Lucas No. L-08-1394, 2009-Ohio-6983, ¶ 16. *See State v. Lett*, 7th Dist. Mahoning No. 08-MA-84, 2010-Ohio-4188, ¶ 32; *State v. Francis*, 11th Dist. Trumbull No. 2009-T-0015, 2010-Ohio-2686, ¶ 91 ("[I]n the context of a no contest plea, in asserting a claim of ineffective assistance of counsel, the defendant must demonstrate that, but for his attorney's error, he would not have entered his no contest plea and instead would have insisted on going to trial."), citing *State v. Barnett*, 11th Dist. Portage No. 2006-P-0117,

2007-Ohio-4954, ¶ 52. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bradley* at 142, quoting *Strickland* at 694.

{¶15} In this case, there is no evidence in the record demonstrating that Miller's trial counsel's performance was objectively unreasonable or deficient; thus, Miller has not established that his trial counsel was ineffective. According to Miller, his trial counsel's performance was deficient and unreasonable because his trial counsel failed to appreciate that the trial court's ruling on the State's motion in limine was merely tentative. (*See* Appellant's Brief at 16). Therefore, Miller argues, his trial counsel "was ineffective in that he proceeded to a plea instead of proceeding to trial and creating context for the introduction of [the] disputed evidence" at issue in the State's motion in limine. (*Id.*). Yet, the record contains no evidence whatsoever suggesting that Miller's trial counsel did not understand the interlocutory nature of motions in limine or that Miller's trial counsel gave Miller inaccurate information about how the trial court's decision to grant the State's motion in limine would affect Miller's trial or a potential appeal. Furthermore, the record does not indicate whether Miller "proceeded to a plea instead of proceeding to trial" at the urging of his trial counsel or whether Miller's decision to plead no contest and avoid trial was entirely independent from, or even contrary to, his trial counsel's recommendation. Finally, even assuming that Miller pleaded no contest on the advice of his trial counsel, the record is silent as to why Miller's trial counsel

may have suggested entering the pleas. Thus, there is no way to determine whether Miller pleaded no contest because his trial counsel recommended doing so after a thorough evaluation of the evidence against Miller and on the basis of sound strategy or whether Miller pleaded no contest after having received faulty legal advice.

**{¶16}** In assessing the reasonableness of Miller's trial counsel's performance under the circumstances, "we must indulge in the strong presumption that counsel's conduct was not improper." *State v. Mayberry*, 2d Dist. Montgomery No. 26025, 2014-Ohio-4706, ¶ 24, citing *State v. Reid*, 2d Dist. Montgomery No. 23409, 2010-Ohio-1686, ¶ 24. As there is no evidence in the record rebutting this strong presumption, we conclude that Miller has failed to establish that his trial counsel's performance was defective or unreasonable. Because we conclude that Miller has failed to establish that his trial counsel's performance was defective or unreasonable, we need not consider whether Miller can demonstrate prejudice. *See Bradley*, 42 Ohio St.3d at 143 ("'[T]here is no reason for a court deciding an ineffective assistance claim to * * * address both components of the inquiry if the defendant makes an insufficient showing on one.'"), quoting *Strickland*, 466 U.S. at 697.

**{¶17}** Miller's second assignment of error is overruled.

**{¶18}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**