[Cite as *State v. Humphries*, 2019-Ohio-2878.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2018 CA 00157 |
| SIERRA D. HUMPHRIES | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Canton Municipal Court, Case No. 2018 TRC 5166


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      July 15, 2019


APPEARANCES:

For Plaintiff-Appellee

KRISTEN BATES-AYLWARD
CANTON LAW DIRECTOR
BEAU D. WENGER
ASSISTANT PROSECUTOR
218 Cleveland Avenue SW
Canton, Ohio 44702

For Defendant-Appellant

KEVIN J. BREEN
KEVIN J. BREEN CO., LLC
3500 West Market Street
Suite 4
Fairlawn, Ohio 44333

*Wise, J.*

{¶1} Appellant Sierra D. Humphries appeals her conviction for operating a vehicle while impaired, reckless operation, speeding, and no seat belt following a plea of no contest in the Canton Municipal Court.

{¶2} Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS</u>

{¶3} On June 25, 2018, Appellant Sierra D. Humphries was charged with violations of OVI, reckless operation, speeding and no seat belt.

{¶4} On July 13, 2018, Appellant Humphries filed a motion *in limine* to exclude a previous OVI conviction which occurred on December 3, 2008. In her motion, Appellant argued that her first OVI conviction was uncounseled and allegedly unconstitutional.

{¶5} At the hearing on the motion, Appellant did not introduce any evidence. The State introduced Appellant's written waiver form for her first OVI conviction.

{¶6} By Judgment Entry filed August 17, 2018, the trial court overruled Appellant's motion stating she did not make a prima facie case that the prior conviction was unconstitutional as is required under *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314.

{¶7} On August 21, 2018, Appellant filed a motion for reconsideration attaching an affidavit in which she stated that she appeared pro se, was not counseled about her right to an attorney, and she did not understand her written waiver as it related to enhanceable offenses.

{¶8} By Judgment Entry filed September 19, 2018, the trial court overruled the motion for reconsideration.

**{¶9}** On October 10, 2018, Appellant entered a plea of No Contest.

**{¶1}** It is from this conviction Appellant now appeals, raising the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

**{¶2}** "I. THE TRIAL COURT ERRED IN ITS AUGUST 17, 2018 JUDGMENT ENTRY DENYING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF PRIOR OVI CONVICTION.

**{¶3}** "II. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE AUGUST 17, 2018 JUDGMENT ENTRY BY ENTRY FILED SEPTEMBER 19, 2018."

**I.**

**{¶4}** Appellant herein argues the trial court erred in denying her motion *in limine*. We disagree.

**{¶5}** A motion *in limine* is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of an evidentiary issue. *State v. Grubb* (1986), 28 Ohio St.3d 199, 200–201, 503 N.E.2d 142.

**{¶6}** A plea of no contest, however, waives the offender's right to appeal a trial court's ruling on a motion *in limine*. *See State v. Pyro*, 5th Dist. Delaware No. 04CAA01009, 2004-Ohio-4768, ¶19 ("a no contest plea generally waives any claim of error with respect to an adverse ruling on a motion *in limine*"). "By entering a plea of no contest * * *, the defendant voluntarily waives the right to appeal the ruling on the motion [in limine]." *State v. Engle*, 74 Ohio St.3d 525, 529 (1996) (Resnick, J., concurring). *See also State v. Guth*, 11th Dist. Portage No. 2015-P-0083, 2016-Ohio-8221, ¶ 15; *State v.*

*Felts*, 4th Dist. Ross No. 13CA3407, 2014-Ohio-2378, ¶ 16, citing *Engle* at 528-529 (Resnick, J., concurring) and *State v. Hershner*, 4th Dist. Athens No. 99CA58, 2000 WL 781094, *3 (June 8, 2000); *State v. Monticue*, 2d Dist. Miami No. 06-CA-33, 2007-Ohio-4615, ¶ 16, citing *State v. Lewis*, 164 Ohio App.3d 318, 2005-Ohio-5921, ¶ 6 (10th Dist.) and *Engle* at 529 (Resnick, J., concurring); *State v. Oshodin*, 6th Dist. Lucas No. L-03-1169, 2004-Ohio-1186, ¶ 5-6; *State v. Lamb*, 3d Dist. Hardin No. 6-02-03, 2002-Ohio-4692, ¶ 6, citing *State v. Kerr*, 9th Dist. Medina No. 3205-M, 2002-Ohio-2095, ¶ 7-8 and *State v. Schubert*, 3d Dist. Seneca No. 13-85-22, 1986 WL 14413, *1 (Dec. 22, 1986).

**{¶7}** Therefore, by entering pleas of no contest, Appellant waived her right to appeal the trial court's ruling on her motion *in limine*.

**{¶8}** Appellant's first assignment of error is overruled.

**II.**

**{¶9}** In her second assignment of error, Appellant argues the trial court erred in denying her motion for reconsideration. We disagree.

**{¶10}** "The Ohio Rules of Civil Procedure do not provide for motions for reconsideration, therefore such motions are considered a nullity." *McCullough v. Catholic Diocese of Columbus,* 5th Dist. Fairfield No. 99CA77, 2000 WL 329658, *1 (Mar. 13, 2000), citing *Pitts v. Department of Transportation,* 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981). *Accord Merkle v. Merkle,* 5th Dist. Licking No. 13-CA-31, 2014-Ohio-81; *Primmer v. Lipp,* 5th Dist. Fairfield No. 02-CA-94, 2003-Ohio-3577. "It follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment." *McCullough,* citing *Kauder v. Kauder,* 38 Ohio St.2d 265, 313 N.E.2d 797 (1974); *Primmer* at ¶ 7.

{¶11} As Appellant is attempting to appeal the trial court's denial of her motion for reconsideration, which is a nullity, we lack jurisdiction to entertain Appellant's assigned error.

{¶12} Accordingly, Appellant's second assignment of error is overruled.

{¶13} For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____
HON. JOHN W. WISE

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

JWW/d 0708