[Cite as *State v. Houston*, 2022-Ohio-3869.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 1-21-52

    v.

ANTHONY J. HOUSTON,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2020 0418

Judgment Affirmed

Date of Decision: October 31, 2022

APPEARANCES:

    *Allison F. Hibbard* for Appellant

    *Jana E. Emerick* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Anthony J. Houston ("Houston"), appeals the October 20, 2021 judgment and sentence entered in the Common Pleas Court of Allen County following his no contest plea to a charge of aggravated burglary with firearm and repeat violent offender specifications. Plaintiff-Appellee is the State of Ohio.

{¶2} This case arises from a November 4, 2020 incident regarding a potential burglary where there was a gun involved. On December 17, 2020, an indictment was filed charging Houston with aggravated burglary, a felony of the first degree, with specifications. Houston filed a written plea of not guilty, and his trial date was continued twice by the defense to July 19, 2021.

{¶3} On July 16, 2021, the State filed a notice of intent to introduce at trial, pursuant to Evid.R. 804(B)(6), certain prior out of court statements made by two witnesses in the case. Houston also filed a motion in limine requesting that the trial court issue an order prohibiting the State from introducing at trial the statements upon which the State's notice of intent focused. At issue in those filings was the potential admissibility at trial of prior statements by Jordan Crowder (the alleged victim in the case) to police and Crowder's prior preliminary hearing testimony, and also prior statements made by Charles Oberlin (a witness in the case).

**{¶4}** On the day of trial and after noting that the jury was seated but not present in the courtroom, the trial court held a hearing on the State's notice of intent to present hearsay evidence and Houston's motion in limine opposing the same. At the conclusion of the hearing, the trial court found that Jordan Crowder was unavailable and the court ruled that Evid.R. 804(B)(1) would allow the transcript of Crowder's preliminary hearing testimony to be admitted at trial. The trial court further found, pursuant to Evid.R. 804(B)(6), that Crowder's prior statements to Detective Jennings would be admissible at trial due to forfeiture by wrongdoing on Houston's part. Finally, the trial court ruled that while Charles Oberlin was also unavailable, Oberlin's statements did not qualify for admissibility at trial pursuant to Evid.R. 804(B)(6) on the basis of the evidence presented at the hearing. Houston's counsel then requested a brief recess to speak with Houston which the trial court granted. Shortly after that, the trial court came back on the record to address dismissing an ill juror and the court again took a recess.

**{¶5}** When the trial court reconvened on the record, Houston's counsel indicated to the trial court that it was Houston's intention to plead no contest to the indictment. Following an inquiry by the trial court and after Houston signed a written negotiated plea of no contest, the trial court then accepted Houston's plea and entered a finding of guilty. The matter of sentencing was continued until September 9, 2021, pending the completion of a pre-sentence investigation report.

{¶6} On August 5, 2021, Houston's counsel filed a motion to withdraw the plea and a motion to withdraw as counsel, because of counsel's new employment. The motion to withdraw as counsel was granted, and an Allen County Assistant Public Defender appointed. An amended motion to withdraw the plea was filed. The trial court held a hearing on the motion on September 9, 2021, instead of the previously scheduled sentencing hearing. The trial court overruled the motion to withdraw the plea.

{¶7} Thereafter, at sentencing, the trial court imposed an aggregate sentence of a minimum of nineteen years and a maximum of twenty-four and one-half years in prison. Houston filed this appeal raising two assignments of error, which we address jointly.

## ASSIGNMENT OF ERROR NO. 1

**The trial court abused its discretion in finding Jordan Crowder to be unavailable and permitting his testimony from the preliminary hearing to come into evidence.**

## ASSIGNMENT OF ERROR NO. 2

**The trial court abused its discretion in finding Jordan Crowder's out of court statements to be admissible due to forfeiture by wrongdoing.**

{¶8} In this case, Houston argues that the trial court abused its discretion in finding Jordan Crowder to be an unavailable witness and, further, in ruling that Crowder's prior preliminary hearing testimony and Crowder's prior statements to

police would qualify for admission at trial pursuant to Evid.R. 804(B)(1) and Evid.R. 804(B)(6), respectively. The State responds that by pleading no contest, Houston waived and did not preserve for appellate review his evidentiary argument.

{¶9} The issues which may be raised on appeal from a no contest plea are set forth in Crim.R. 12(I), which states:

> **(I)   Effect of Plea of No Contest.  The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence.**

{¶10} Crim.R. 12(C) defines a pretrial motion as "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue."  "The established rule in Ohio is that the grant or denial of a motion in limine is not a ruling on the evidence."  *State v. Thompson*, 3d Dist. Union Nos. 14-04-34 and 14-04-35, 2005-Ohio-2053, ¶ 26, citing *State v. Grubb*, 28 Ohio St.3d 199, 200-201 (1986).  As explained by this Court in *State v. Miller*, 3d Dist. Allen No. 1-18-17, 2018-Ohio-4648:  " 'A ruling on a motion in limine reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling.' "  *Miller* at ¶ 8, quoting *State v. French*, 72 Ohio St.3d 446, 450 (1995).  More specifically, a no contest plea after an adverse ruling in limine does not preserve error for review.  *Id.* at ¶ 10; *State v. Felts*, 4th Dist. Ross No. 13CA3407, 2014-Ohio-2378, ¶ 16 ("a no contest plea precludes an

appeal from a trial court's pretrial rulings on a motion in limine regarding the admissibility of evidence").

{¶11} In this case, rather than proceeding to trial and thereby opposing the introduction of the disputed evidence in order to preserve for appeal any error in the trial court's ruling on the admissibility of that evidence, Houston pleaded no contest to the indictment. As a result of his no contest plea, Houston waived his right to challenge on appeal the trial court's in limine ruling. *See Miller* at ¶ 10.

{¶12} Accordingly, Houston's two assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and MILLER, J. concur**

**/jlr**