[Cite as *State v. Lask*, 2019-Ohio-2753.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 18CA1081 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| RICHARD LASK, | : | |
| Defendant-Appellant. | : | **RELEASED: 06/28/2019** |

_____
APPEARANCES:

Steven R. Adams, The Law Offices of Steven R. Adams, L.L.C., Cincinnati, Ohio, for appellant.

David Kelley, Adams County Prosecutor, and Kris D. Blanton, Adams County Assistant Prosecutor, West Union, Ohio, for appellee.
_____
Hess, J.

{¶1}   After the trial court denied in part his motion to suppress, Richard Lask pleaded guilty to possession of marihuana and the trial court convicted him of that offense.  On appeal, Lask maintains the trial court erred when it ruled on his motion and when it refused to accept a no contest plea, which would have preserved his right to appeal the suppression decision.  Alternatively, he asserts his guilty plea did preserve the right to appeal the suppression decision, and if it did not, his plea was not knowing and we must give him the opportunity to withdraw it.

{¶2}   Lask admits the record does not contain the purported discussion about a no contest plea, so to the extent he asserts the court erred by refusing to accept such a plea, we must presume the validity of the proceedings below and reject his argument.  However, the record demonstrates the court incorrectly told Lask that his guilty plea

preserved his right to appeal the suppression decision, and but for that incorrect information, Lask would not have pleaded guilty. Because Lask did not enter his plea knowingly and intelligently, we reverse the trial court's judgment and remand for further proceedings consistent with this decision.

## I. FACTS

**{¶3}** The Adams County grand jury indicted Lask on one count of possession of marihuana in violation of R.C. 2925.11(A), a second-degree felony that pursuant to R.C. 2925.11(C)(3)(g) and former R.C. 2929.14(A)(2), required a mandatory prison term of eight years because the amount of the drug involved equaled or exceeded 40,000 grams. Lask pleaded not guilty and moved to suppress evidence. The court granted in part and denied in part the motion.

**{¶4}** Subsequently, Lask pleaded guilty to an amended count of possession of marihuana in violation of R.C. 2925.11(A), a second-degree felony that pursuant to R.C. 2925.11(C)(3)(f), required a "mandatory prison term of five, six, seven, or eight years" because the amount of the drug involved equaled or exceeded 20,000 grams but was less than 40,000 grams. The parties jointly recommended the minimum mandatory five-year sentence. During the change of plea hearing, the assistant prosecutor stated: "It's my understanding that the defense would also like to put in the record that they would reserve the right to appeal the motion to suppress decision by this Court even though this is a guilty plea, the State understands that if that was the case." The following exchange occurred:

> THE COURT: * * * I just want to make for the record I don't think a plea of guilt denies the defendant the right to appeal the decision of the Court on the motion to deny the motion to suppress. I think it's still very much a viable issue because there is not a final appealable order yet on any

conviction. I just wanted to get in for the record there has been so many suggestions of appeal in this case, and I'm fine with that.

[ASSISTANT PROSECUTOR]: The only reason I address that is because that was discussed I think before and it was not placed in the paper work and I think both sides wanted to make sure it was clear and I don't think there is any issue there.

THE COURT: Okay. Well, I agree. [Defense counsel,] is that your understanding of the stated results of the plea negotiations?

[DEFENSE COUNSEL]: It is, Your Honor, and to be clear it's my understanding that when pleading guilty the defendant will waive his right to appeal a motion to suppress ruling unless it's specifically stated on the record or in the paper work that he reserves that right, and that is why it was brought up.

THE COURT: Okay. * * *

Later, the trial court reiterated that after pleading guilty, Lask would "keep the right to appeal the decisions of this Court" and his right to appeal "wouldn't be limited to just the ruling on the motion to suppress, it could be on anything that this Court has ruled upon in this case." The trial court accepted the guilty plea and sentenced Lask to the minimum mandatory five-year prison term.

## II. ASSIGNMENTS OF ERROR

{¶5} Lask assigns the following errors for our review:

1. The trial court erred in denying the Defendant of the choice to plead no contest and preserving [sic] his right for appeal on the Motion to Suppress.

2. The trial court erred when it found the Kansas trooper had probable cause to initiate a traffic stop for following too close, where the trial court ignored video evidence and testimony, relying instead on a poorly drawn inference from the Defendant[']s statement.

3. Tpr. Rule impermissibly extended the traffic stop beyond its original purpose when he did so to evaluate the demeanor of the Defendant and Passenger.

4.   Trp. Rule impermissibly extended the traffic stop beyond its original purpose after issuing the final warning and continuing to interview and investigate the Defendant.

5.   The trial court erred when it found Tpr. Rule had probable cause to search the defendant's vehicle based on the alleged smell of marijuana.

6.  It was plain error for the trial court to ignore admitted evidence that was the best evidence of the contents of the email, namely the email itself, where the contents were crucial to a lawful decision, and the contents contained factual errors, embellishments, and ambiguities that were all prejudicial to the Defendant.

7.   Trp. Rule had a duty to author a factually accurate email without embellishment, exageration [sic], or untruths.

### III.  LAW AND ANALYSIS

**{¶6}**    Most of the assignments of errors pertain to the suppression decision, and in the first assignment of error, Lask acknowledges that generally an individual who pleads guilty cannot appeal such a decision.  He asserts that "in a conversation that is not preserved in the record," the trial court erroneously refused to accept a no contest plea, which would have preserved his right to appeal the suppression decision.  Alternatively, he asserts that he "must be permitted to be heard on the appeal of his Motion to Suppress" because the trial court and state assured him that his right to appeal would be preserved if he pleaded guilty.  He cites *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, to support his position.  In the event this court disagrees, Lask argues that his guilty plea was not knowing because it was based on incorrect assurances that his right to appeal the suppression decision would be preserved.  Lask states that if he "cannot go forward with his appeal without withdrawing his plea of guilty and entering a plea of no contest, he must be permitted to do so."

## A. Rejection of No Contest Plea

**{¶7}** Lask admits the record does not include the discussion in which the trial court purportedly rejected a no contest plea. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.*

**{¶8}** "The Ohio Rules of Appellate Procedure provide a remedy that preserves the right to full review in situations where the record is incomplete." *State v. Warren*, 4th Dist. Ross No. 12CA3324, 2013-Ohio-3542, ¶ 40. "An appellant may prepare a statement of the evidence or proceedings from the appellant's own recollection pursuant to App.R. 9(C), or an agreed statement of the record pursuant to App.R. 9(D)." *Id.* Lask did not utilize these rules. Therefore, we presume the validity of the lower court's proceedings and overrule the first assignment of error to the extent it challenges the purported rejection of a no contest plea.

## B. Validity of Guilty Plea and Right to Appeal

**{¶9}** " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897

N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "In determining whether a guilty * * * plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *State v. Willison*, 4th Dist. Athens No. 18CA18, 2019-Ohio-220, ¶ 11. Ohio courts, including the Supreme Court of Ohio, "have held that a plea is not entered knowingly and intelligently where it is premised on the mistaken impression that a trial court's decision is appealable." *State v. Felts*, 4th Dist. Ross No. 13CA3407, 2014-Ohio-2378, ¶ 19, citing *Engle* at 527-528; *State v. Brown*, 9th Dist. Summit No. 25103, 2010-Ohio-3387, ¶ 8; and *State v. Lewis*, 164 Ohio App.3d 318, 2005-Ohio-5921, 842 N.E.2d 113, ¶ 10 (10th Dist.).

{¶10} "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). *See also State v. Shafer*, 4th Dist. Adams No. 17CA1047, 2018-Ohio-214, ¶ 21, quoting *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), fn. 2 ("a guilty plea constitutes 'an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case' "). A guilty plea " 'renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.' " *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78, quoting *Menna* at 62, fn. 2. Thus, a defendant who "voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' "

*Id.*, quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). "In other words, a voluntary, knowing, and intelligent guilty plea waives any alleged constitutional violations unrelated to the entry of the guilty plea and nonjurisdictional defects in the proceedings." *State v. Legg*, 2016-Ohio-801, 63 N.E.3d 424, ¶ 12 (4th Dist.), citing *State v. Ketterer,* 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105; *State v. Storms*, 4th Dist. Athens No. 05CA30, 2006-Ohio-3547, ¶ 9.

> **{¶11}** The Supreme Court of Ohio has stated:

> A plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a motion to suppress evidence. Crim.R. 12(I). A valid guilty plea by a counseled defendant, however, generally waives the right to appeal all prior nonjurisdictional defects, *including the denial of a motion to suppress. See State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78; *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 56.

(Emphasis added.) *Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, at ¶ 15. Consistent with this precedent, we have repeatedly held that a defendant waives the right to appeal the denial of a motion to suppress by pleading guilty. *See, e.g., State v. Woods*, 4th Dist. Lawrence No. 18CA10, 2018-Ohio-5460, ¶ 12-14; *State v. Spangler*, 4th Dist. Lawrence No. 16CA1, 2016-Ohio-8583, ¶ 17; *State v. Johnson*, 4th Dist. Hocking No. 14CA16, 2015-Ohio-854, ¶ 4-6.

**{¶12}** Lask's reliance on *Beasley* for the position that we must consider the merits of his appeal from the suppression decision at this time is misplaced. In that case, the defendant filed a motion to suppress which the trial court denied. *Beasley* at ¶ 2. On the day of trial, the defendant pleaded guilty after defense counsel summarized on the record an earlier in chambers discussion in which counsel had explained the defendant's desire to plead no contest to preserve the right to appeal the suppression

decision, the state had agreed to allow such a plea, but the trial court stated it had a blanket policy of not accepting no contest pleas. *Id.* at ¶ 3, 6. The trial court did not contest counsel's characterization of its policy and accepted the guilty plea. *Id.* at ¶ 6, 16. The defendant appealed and asserted the trial court abused its discretion by refusing to accept no contest pleas and prejudiced her by forcing her to waive an appeal of the suppression decision. *Id.* at ¶ 7. The appellate court concluded that the trial court erred in adopting a blanket policy of refusing to accept no contest pleas but found the defendant did not preserve the error for appeal because she did not enter a no contest plea and have the trial court refuse to accept it on the record. *Id.*

**{¶13}** The Supreme Court of Ohio reversed the appellate court's decision. *Id.* at ¶ 1. It held that under the circumstances, the guilty plea "did not amount to a waiver" of the right to appeal the suppression decision, that the trial court erred in adopting a blanket policy of refusing to accept no contest pleas, and that the defendant preserved that error for appeal and did not have to try to enter no contest plea "after the trial court acknowledged on the record that it would have summarily rejected that plea." *Id.* at ¶ 16-17. The Supreme Court remanded to the trial court to allow the defendant "to enter a new plea in accordance with Crim.R. 11." *Id.* at ¶ 17.

**{¶14}** *Beasley* did not consider incorrect information about the right to appeal or the impact such information has on a guilty plea or an appeal challenging a suppression decision. And notably, even though the *Beasley* court determined the defendant in that case did not waive the right to appeal a suppression decision by pleading guilty, it remanded for the defendant to enter a new plea—not to proceed with an appeal from the suppression decision while the guilty plea remained intact.

**{¶15}** The present case is similar to *Engle*, in which "all the parties, including the judge and the prosecutor, shared the impression that [the defendant] could appeal rulings other than a pretrial motion" if she pleaded no contest to various charges. *Engle*, 74 Ohio St.3d at 527, 660 N.E.2d 450. The defendant pleaded no contest based "on a belief that she could appeal the trial court's rulings that her counsel believed had stripped her of any meaningful defense." *Id.* at 528. Subsequently, the appellate court determined the defendant had waived certain arguments and rejected a claim that her plea was involuntary because it was based on a belief that she could appeal those issues. *Id.* at 526. The Supreme Court of Ohio reversed, concluding the "plea was not made knowingly or intelligently," and it remanded to the trial court with instructions that the defendant "be given the opportunity to withdraw her plea and proceed to trial." *Id.* at 528.

**{¶16}** Like the defendant in *Engle*, Lask entered his plea based on incorrect information about his appellate rights; therefore, we conclude his plea was not made knowingly or intelligently. We sustain the first assignment of error to the extent it challenges the validity of the guilty plea and reverse the trial court's judgment. We remand to the trial court to allow Lask to withdraw his guilty plea and enter a new plea in accordance with Crim.R. 11 and to conduct further proceedings consistent with this opinion. This decision renders moot the remaining assignments of error, so we need not address them. *See* App.R. 12(A)(1)(c).

JUDGMENT REVERSED
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COMMON PLEAS COURT to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**