[Cite as *State v. Buggs*, 2021-Ohio-39.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 20CA3913 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Leo Buggs,[1] | : | |
| Defendant-Appellant. | : | **RELEASED 1/06/2021** |

_____
<u>APPEARANCES</u>:

Karyn Justice, Esq., The Law Office of Karyn Justice, L.L.C., Portsmouth, Ohio, for appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.
_____
Hess, J.

{¶1}    After the Scioto County Common Pleas Court denied Leo Buggs's motion for discharge on speedy trial grounds, he pleaded guilty to one count of having weapons while under disability, and the trial court convicted him of that offense.  In his first assignment of error, Buggs contends that his plea was not knowing, intelligent, and voluntary.  The record reflects that Buggs received incorrect information that a guilty plea would preserve his right to appeal the ruling on the motion for discharge, and but for that information, he would not have pleaded guilty.  Therefore, Buggs did not enter his guilty plea knowingly and intelligently, and we sustain the first assignment of error, reverse the trial court's judgment, and remand for further proceedings consistent with this decision.  This decision renders the remaining assignments of error moot.

---
[1] Appellant's name appears as Leo Buggs, Jr., on a judgment entry from March 23, 2020, and Leo Buggs on a judgment entry from March 24, 2020.  For purposes of appeal, we will refer to him as Leo Buggs.

## I.  FACTS AND PROCEDURAL HISTORY

{¶2}   In May 2019, Buggs was charged via complaint in Portsmouth Municipal Court case number CRA 1900700C with one count of having weapons while under disability.  The municipal court found probable cause for the charge and bound the matter over to the Scioto County grand jury, which indicted Buggs in the common pleas court on two counts of aggravated burglary with firearm specifications, two counts of having weapons while under disability, and one count of felonious assault. Buggs pleaded not guilty, and in March 2020, he moved for discharge on speedy trial grounds. The trial court ordered the parties to file briefs on or before March 27, 2020, and scheduled a non-oral hearing on the motion for March 30, 2020.

{¶3}   However, at a March 20, 2020 hearing, the court explained that Buggs wanted to enter a new plea to one count of having weapons while under disability and "[t]hat we are going to reserve his right to appeal on the issue of speedy trial only." During the hearing, defense counsel stated that "if Your Honor would go on record for Mr. Buggs as overruling the motion for discharge that would preserve that as the Court has indicated it wanted to do for appeal."  Defense counsel also noted that there had been a discussion in chambers about Buggs "entering a no contest plea and the Court—and I discussed with him that the only advantage to a no contest plea was if a civil case would be filed and he is prepared to go forward with the guilty plea."  The court overruled the motion for discharge on speedy trial grounds and conducted a plea colloquy.  The court asked Buggs: "Has anyone promised you anything, threatened you or made any inducements to you whatsoever which has caused you to come in here, waive your Constitutional rights and enter a plea other than what we have put here on

the record today?"  Buggs responded, "Nah, as long as I can appeal these motions right here in my hand."  The court said, "Now wait a minute, I am having trouble hearing you."  Buggs responded, "I said as long as I can appeal these motions that you denied that is [sic] in my hand right here, and I can get 18 months with that credit, I don't care how you do it."  The court said, "All right.  Yeah, okay," and continued with the colloquy.

{¶4}   Buggs pleaded guilty to one count of having weapons while under disability, and the court accepted the plea, found him guilty, sentenced him, noted that "we will need to put this in the entry that defendant reserves the right to appeal the speedy trial issues that were overruled by the Court," and told Buggs it would appoint counsel to represent him "for the whole purpose of appealing the speedy trial * * * denial."  Subsequently, the court issued a judgment entry finding Buggs guilty of one count of having weapons while under disability based on his guilty plea, imposing an agreed sentence of 18 months in prison, dismissing the remaining charges, and stating in bold print: "The Court further finds that the defendant reserves the right to appeal speedy trial issues that were overruled by this Court."

## II.  ASSIGNMENTS OF ERROR

{¶5}   Buggs assigns the following errors for our review:

1.  Appellant did not knowingly, intelligently and voluntarily enter a guilty plea, in violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Section Sixteen, Article One of the Ohio Constitution.

2.  Appellant's trial counsels were ineffective in their representation of the Appellant.

3.  Appellant was denied his right to a speedy trial pursuant to R.C. 2945.71 and R.C. 2945.73; the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

### III. LAW AND ANALYSIS

**{¶6}** In the first assignment of error, Buggs contends that his guilty plea was not knowing, intelligent, or voluntary. Buggs asserts that his "right to appeal the violation of his speedy trial rights was not correctly explained to him and the Court incorrectly assured him that his appellate rights were preserved" by a guilty plea. Buggs maintains that he suffered prejudice because "but for the trial court's incorrect statements of law concerning his appellate rights, [he] would not have entered a guilty plea in this matter." The state contends that Buggs entered an *Alford* plea which preserved his right to appellate review on the limited issue of whether a speedy trial violation had occurred.

**{¶7}** " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "In determining whether a guilty or no contest plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *State v. Willison*, 4th Dist. Athens No. 18CA18, 2019-Ohio-220, ¶ 11.

**{¶8}** "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). A guilty plea forfeits "the right to challenge both constitutional and statutory speedy-trial violations." *State v. Shaffer*, 4th Dist. Lawrence No. 14CA15, 2014-Ohio-4976, ¶ 19, citing *State v. Dickens*, 4th Dist. Meigs No. 05CA14, 2006-Ohio-

4920, ¶ 6.   A no contest plea "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *."  Crim.R. 11(B)(2).  A no contest plea "does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion," Crim.R. 12(I), such as a motion to dismiss on speedy trial grounds, *State v. Luna*, 2 Ohio St.3d 57, 57-58, 442 N.E.2d 1284 (1982).

**{¶9}**   Buggs entered a guilty plea rather than a no contest plea, so contrary to the statements of the trial court and the intent of Buggs, he forfeited his right to appeal the denial of his motion for discharge on speedy trial grounds.  The state's contention that Buggs entered an *Alford* plea that preserved his right to appeal that ruling is not well taken.  "*North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), provides a method by which a defendant is able to maintain his factual innocence yet enter a plea of guilty."  *State v. Shifflet*, 2015-Ohio-4250, 44 N.E.3d 966, ¶ 24 (4th Dist.).  Buggs did not enter an *Alford* plea because his guilty plea was not accompanied by a protestation of innocence.  Even if Buggs had entered an *Alford* plea of guilty, the state cites no legal authority for the proposition that a defendant who enters such a plea may reserve the right to appeal an issue ordinarily forfeited by a guilty plea.

**{¶10}**  "Ohio courts, including the Supreme Court of Ohio, 'have held that a plea is not entered knowingly and intelligently where it is premised on the mistaken impression that a trial court's decision is appealable.' "  *State v. Lask*, 4th Dist. Adams No. 18CA1081, 2019-Ohio-2753, ¶ 9, quoting *State v. Felts*, 4th Dist. Ross No. 13CA3407, 2014-Ohio-2378, ¶ 19, citing *Engle*, 74 Ohio St.3d at 527-528, 660 N.E.2d 450; *State v. Brown*, 9th Dist. Summit No. 25103, 2010-Ohio-3387, ¶ 8.  In *Engle*, the

Supreme Court of Ohio held that a no contest plea was not knowing and intelligent because the record reflected that "all the parties, including the judge and the prosecutor, shared the impression that [the defendant] could appeal rulings other than a pretrial motion," and the defendant entered the plea based "on a belief that she could appeal the trial court's rulings that her counsel believed had stripped her of any meaningful defense." *Engle* at 527-528. In *Lask*, we recently held that a guilty plea was not knowing and intelligent because the defendant entered it based on incorrect information about his right to appeal a suppression decision. *Lask* at ¶ 2.

**{¶11}** Like the defendants in *Engle* and *Lask*, Buggs entered his plea based on incorrect information about his appellate rights; therefore, we conclude his plea was not made knowingly or intelligently. We sustain the first assignment of error and reverse the trial court's judgment. We remand to the trial court to allow Buggs to withdraw his guilty plea and enter a new plea in accordance with Crim.R. 11 and to conduct further proceedings consistent with this opinion. This decision renders moot the remaining assignments of error, so we need not address them. *See* App.R. 12(A)(1)(c).

JUDGMENT REVERSED
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COMMON PLEAS COURT to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**