[Cite as *State v. Sloan*, 2022-Ohio-1930.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,            : CASE NO. 20CA06

    v.                             :

MARCUS SLOAN,                           : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.           :

_____

APPEARANCES:

Brian M. Cremeans, Ironton, Ohio, for appellant.[1]

Brigham M. Anderson, Lawrence County Prosecuting Attorney, Ironton, Ohio, for appellee.[2]

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:5-31-22
ABELE, J.

{¶1} This is an appeal from a Lawrence County Common Pleas Court judgment of conviction and sentence. Marcus Sloan, defendant below and appellant herein, pleaded guilty to one count of receiving stolen property, one count of improperly handling a

---

[1] Different counsel represented appellant during the trial court proceedings.

[2] Appellee did not file a brief or enter an appearance in this appeal. Pursuant to App.R. 18(C), as a consequence of the failure of an appellee to file a brief, an appellate court may accept the appellant's statement of facts and issues as correct and reverse the trial court's judgment.

firearm in a motor vehicle and one count of obstructing justice.
Appellant assigns two errors for review:

FIRST ASSIGNMENT OF ERROR:

"APPELLANT MARCUS SLOAN RECEIVED INEFFECTIVE
ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED
TO OBJECT AND PROCEEDED TO GO FORWARD WITH THE
BURDEN OF PROOF THAT IS CLEARLY DESIGNATED TO
THE STATE OF OHIO IN SUPPRESSION HEARINGS."

SECOND ASSIGNMENT OF ERROR:

"APPELLANT MARCUS SLOAN RECEIVED INEFFECTIVE
ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY ALLOWED
HIM TO ENTER A PLEA OF GUILTY, INSTEAD OF A NO
CONTEST PLEA, TO THE CHARGES, WHEN HIS ATTORNEY
HAD SPOKEN WITH THE APPELLANT AND APPELLANT HAD
INDICATED HIS INTENT TO APPEAL THE TRIAL
COURT'S RULING ON THE MOTION TO SUPPRESS."

{¶2} On February 27, 2019, in Case Number 19CR73 a Lawrence County Grand Jury returned an indictment that charged appellant with one count of receiving stolen property in violation of R.C. 2913.51(A)(C) and one count of improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16(B), both fourth-degree felonies. On December 17, 2019, in Case Number 19CR510 a Lawrence County Grand Jury returned an indictment that charged appellant with one count of obstructing justice in violation of R.C. 2921.32(A)(2)(4)(5), a third-degree felony.

{¶3} Appellant filed a motion to suppress evidence in both cases and challenged the basis for the traffic stop. At the

LAWRENCE, 20CA6

suppression hearing, Ohio State Highway Patrol Trooper Bransen Barr testified that on January 25, 2019, he assisted a drug interdiction effort and observed appellant make an exaggerated left turn that constituted a marked lane violation.  Barr then followed appellant and noticed "a couple other * * * lane violations."  Barr subsequently stopped appellant's vehicle.

{¶4}  After extensive testimony and Trooper Barr's dashcam video, the trial court denied appellant's motion to suppress.  The court concluded that two marked lane violations occurred, and one violated the "wide turn statute," R.C. 4511.36(A)(2).  The court further concluded that probable cause justified the stop based on appellant's failure to square into the turn in violation of R.C. 4511.36 and *State v. Petty*, 2019-Ohio-4241, 134 N.E.3d 222 (4th Dist.).

{¶5}  On March 11, 2020, appellant agreed to plead guilty to receiving stolen property, improperly handling a firearm in a motor vehicle, and obstructing justice.  At the change of plea hearing, the trial court noted that the state, defense counsel and appellant negotiated the plea, including the recommended sentence.  The court further asked appellant if he understood that a guilty plea waived his right to a jury trial, right not to testify against himself, right to confront witnesses, right to compulsory process, and right

to require the state to prove his guilt beyond a reasonable doubt. Appellant responded affirmatively. The court then reviewed the maximum penalties and informed appellant that (1) the third-degree felony is subject to a 36-month prison term and a $10,000 fine, and (2) fourth-degree felonies are subject to an 18-month prison term and a $5,000 fine. The court also addressed post-release control.

{¶6} Consequently, in Case No. 19CR73 the trial court sentenced appellant to serve (1) 18 months in prison on the receiving stolen property charge, (2) 18 months in prison on the improper handling of a firearm in a motor vehicle charge, to be served concurrently, and (3) a three-year post-release control term. The court further ordered appellant to pay costs and return the firearm to its rightful owner. In 19CR10, the trial court sentenced appellant to serve (1) three-years in prison, concurrently with the sentence in 19CR73 [for a total three-year term], and (2) a three year post-release control term. The court further ordered appellant to pay costs. Important to note, however, is that during the trial court's exchange with the parties, appellant's counsel indicated that "even though this is a negotiated plea, we do * * * wish to pursue some appellate issues." This appeal followed.

{¶7} For ease of discussion, we first address appellant's

second assignment of error. Appellant contends that he received ineffective assistance of counsel when his attorney allowed him to enter a guilty plea when counsel and the court had become aware that appellant indicated his desire to appeal the trial court's ruling on his motion to suppress evidence. The Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish an ineffective assistance of counsel claim, a defendant must show (1) counsel's deficient performance, and (2) the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *Id.* at 687. Courts need not analyze both Strickland test prongs if a claim can be resolved under one prong. *See State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000)*.*

{¶8} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea

LAWRENCE, 20CA6

unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *accord State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 40; *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9. "It is the trial court's duty, therefore, to ensure that a defendant 'has a full understanding of what the plea connotes and of its consequence.' " *Montgomery* at ¶ 40, quoting *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Conley*, 4th Dist. Adams No. 19CA1091, 2019-Ohio-4172, ¶ 34; *State v. Lindsey*, 4th Dist. Washington Nos. 20CA26, 20CA27, 20CA28, & 20CA29, 2021-Ohio-2613, ¶ 10. "In determining whether a guilty * * * plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *State v. Willison*, 4th Dist. Athens No. 18CA18, 2019-Ohio-220, ¶ 11.

{¶9} In general, a guilty plea is a complete admission of a defendant's guilt.  Crim. R. 11(B)(1); *State v. Shafer,* 4th Dist. Adams No. 17CA1047, 2018-Ohio-214, ¶ 21; *State v. Lask*, 4th Dist.

Adams No. 18CA1081, 2019-Ohio-2753, ¶ 10. Thus, when a defendant voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel, the defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 98, ¶ 44. In accordance with the foregoing, this court has held that a defendant's guilty plea waives the right to appeal the denial of a motion to suppress evidence. *State v. Woods*, 4th Dist. Lawrence No. 18CA10, 2018-Ohio-5460, ¶ 12-14; *State v. Spangler,* 4th Dist. Lawrence No. 16CA1, 2016-Ohio-8583, ¶ 17; *State v. Johnson*, 4th Dist. Hocking No. 14CA16, 2015-Ohio-854, ¶ 4-6; *Lask* at ¶ 11. *See also State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 15 (A "valid guilty plea by a counseled defendant, however, generally waives the right to appeal all prior nonjurisdictional defects, including the denial of a motion to suppress"). However, because a no contest plea does not preclude a defendant from appealing a trial court's ruling on a pretrial motion, *see* Crim.R. 12(I), and because in the case sub judice appellant expressed his desire to appeal the denial of his suppression motion, appellant contends that trial counsel should have instructed appellant to enter a no contest plea rather than a guilty plea. We agree.

**{¶10}** In *State v. Lask, supra,* this court held that a defendant did not enter a knowing and intelligent guilty plea because the defendant received incorrect information about his right to appeal the trial court's decision on a motion to suppress. *Lask* at ¶ 2. "Ohio courts, including the Supreme Court of Ohio, 'have held that a plea is not entered knowingly and intelligently where it is premised on the mistaken impression that a trial court's decision is appealable.' " *Id.* at ¶ 9 *State v. Felts*, 4th Dist. Ross No. 13CA3407, 2014-Ohio-2378, ¶ 19 (plea predicated on erroneous belief could appeal trial court's denial of motion in limine), citing *Engle*, 74 Ohio St.3d at 527-528, 660 N.E.2d 450; *Buggs* at ¶ 10; *State v. Brown,* 9th Dist. Summit No. 25103, 2010-Ohio-3387, ¶ 8, and *State v. Lewis*, 164 Ohio App.3d 318, 2005-Ohio-5921, 842 N.E.2d 113, ¶ 10 (10th Dist.).

**{¶11}** Recently, in *State v. Buggs,* 4th Dist. Scioto No. 20CA3913, 2021-Ohio-39, the record showed that the defendant believed he could plead guilty and appeal speedy trial issues. This Court concluded, "Buggs entered a guilty plea rather than a no contest plea, so contrary to the statements of the trial court and the intent of Buggs, he forfeited his right to appeal the denial of his motion for discharge on speedy trial grounds." *Id.* at ¶ 9.

**{¶12}** Like the defendants in *Lask* and *Buggs,* appellant in the

case sub judice entered his guilty plea with the belief that he could nevertheless pursue an appeal.  The sentencing hearing transcript reveals:

COURT:  You have the right to appeal this decision. * * * So, at this time, I'm gonna ask that you consult with [defense counsel] and he will let the Court know if you wish to exercise your right of appeal in this case.

DEFENSE:  Your Honor, uh, I've already talked to my client, we would wish to uh, even though this is a negotiated plea, uh, we do wish to pursue some appellate issues.

Because appellant did desire to appeal the trial court's denial of his suppression motion, appellant should have entered a no contest plea rather than a guilty plea.  Thus, as in *Lask* and *Buggs,* we conclude that appellant did not knowingly or intelligently enter his guilty plea.

{¶13} Therefore, based upon the foregoing reasons, we sustain appellant's assignment of error, reverse the trial court's judgment and remand this matter to allow appellant to withdraw his guilty plea.  The court may conduct further proceedings consistent with this opinion.  Because this decision renders moot the remaining assignment of error, we will not address it.  App.R. 12(A)(1)(c). Furthermore, our ruling should not be considered in any manner whatsoever as a comment on the merits of the underlying motion to suppress evidence.

JUDGMENT REVERSED AND THIS CAUSE

LAWRENCE, 20CA6

REMANDED FOR PROCEEDINGS
CONSISTENT WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be reversed and this cause remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                          Peter B. Abele, Judge


NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal

commences from the date of filing with the clerk.